GUITERMAN v. GERMAN-AMERICAN INSURANCE CO.

INSURANCE—DEBTOR AND CREDITOR.
  A debtor may insure his property for the benefit of his creditor
  if the insurer consents to the arrangement.

Error to Chippewa; Steere, J. Submitted January 8,
1897. Decided February 18, 1897.

Garnishment proceedings by Ambrose Guiterman and
others against the German-American Insurance Company,
as garnishee of Harry A. Harrison. From a judgment
for defendant, plaintiffs bring error. Affirmed.

Plaintiffs sued one Harry A. Harrison, who was in-
debted to them for goods sold, and garnished the defend-
ant insurance company. The following are the facts
as found by the trial court:

"On April 3, 1893, defendant Harry A. Harrison insured
his stock of merchandise, consisting of stationery and
jewelry, located in Sault Ste. Marie, Michigan, with the
garnishee defendant, for the sum of $750, receiving a
Michigan standard policy, which contained the following
clause: 'Loss, if any, payable to Eaton, Lyon & Co.,
of Grand Rapids, Michigan, as their interest may appear.'
Eaton, Lyon & Co. were jobbers, and creditors of the
defendant Harrison. When he purchased the stock of
goods insured under the policy in question, he made
arrangements with said Eaton, Lyon & Co. by virtue
of which they were to furnish him backing as he wanted
it, in the way of merchandise and credits for the same, he
to give them, as security therefor, an assignment of
the insurance upon his stock of merchandise. At the
time this insurance was effected, the arrangement between
Eaton, Lyon & Co. and defendant Harrison was stated to
the agent of the insurance company, who was consulted in
relation to it. After consultation with the agent of the
garnishee defendant, the policy was made out in the form

and with the provisions stated, and was sent to Eaton, Lyon & Co. for the purpose of carrying out the arrangement between them and defendant Harrison as to the credits and security. A loss by fire occurred upon the property insured, which was subsequently satisfactorily adjusted between parties in interest, which adjustment showed a liability upon said policy, due from the garnishee defendant to whoever was entitled to it, of $375.72. At the time of the fire and adjustment of loss, defendant Harrison owed to Eaton, Lyon & Co., for merchandise purchased of them, about $3,000."

*E. S. B. Sutton*, for appellants.

*H. M. Oren*, for appellee.

GRANT, J. (*after stating the facts*). It is contended that Eaton, Lyon & Co. had no insurable interest in the property. It is true that a general creditor cannot insure the property of his debtor for his own benefit without the assent of the debtor and the insurer. There is, however, no reason why a debtor may not insure his property for the benefit of his creditor.

"It is not necessary that the assured should have either a legal or equitable interest, or, indeed, any property interest, in the subject-matter insured. It is enough if he hold such a relation to the property that its destruction by the peril insured against involves pecuniary loss for him or those for whom he acts." 1 Wood, Fire Ins. § 281.

In *Bates* v. *Equitable Insurance Co.*, 10 Wall. 33, Justice Miller used this language:

"Now, it is a well-known and frequent thing in insurance business for a person to insure his life or his property, and either in the policy itself, or by indorsement at the time it is made, or by subsequent indorsement, to which the consent of the company is generally required, to direct the loss to be paid to some third party. And this is done in language similar, if not identical, with that used in this case. It is a mode of appointing that the loss of the party insured shall be paid by the company to such third person. This transaction is a very common

mode of furnishing a species of security by a debtor to his creditor, who may be willing to trust to the debtor's honesty, his skill, and success in trade, but who requires indemnity against such accidents as loss by fire or the perils of navigation. The property of the debtor at risk, being thus insured for the benefit of the creditor, gives him this indemnity."

While the precise point now before us was not involved in that case, yet the language was not merely *obiter dicta*, but was the deliberate determination of the learned justice who wrote the opinion, and the other members of the court. It enunciates the principle governing this and other cases. The precise point was involved in *A. Roos & Co.* v. *Insurance Co.*, 27 La. Ann. 409, and the validity of such a policy sustained. See, also, *Clay Fire & Marine Ins. Co.* v. *Huron, etc., Manfg. Co.*, 31 Mich. 346, 355. There is no good reason why a party desiring to purchase goods upon credit may not insure his property for the benefit of his creditor, when the insurer agrees to such arrangement.

The judgment is affirmed.

The other Justices concurred.