CASE 57.—ACTION BY·S. B. & C. C. SPAULDING AGAINST
A. J. GRUNDY TO RECOVER ONE-HALF THE VAL-
UE OF A PARTY WALL.—September 27.

# Spaulding, etc , v. Grundy

Appeal from Marion Circuit Court.

I. H. THURMAN, Circuit Judge.

From a judgment sustaining a demurrer to plain-
tiffs' petition they appeal—Reversed.

Party Walls—Liability of Adjoining Owner for ·Use.—A person
who uses a wall erected on the dividing line by the owner
of an adjacent lot, should pay a reasonable and fair price for
the use thereof estimated as of the time the user takes place,
even though neither he nor his vendor was a party to the erec-
tion of the wall, and made no agreement, express or implied,
concerning it.

H. W. RIVES, attorney for appellants.

The builder of a wall owned it all and could have removed it,
or his vendees could have removed it, without question as to
their right to do so, at any time before it was actually used by
appellee Grundy. Appellee builds to it. ˙ He thus appropriates
to himself, not only that part of the wall standing on his own
ground, but deprives appellants of what had been their undoubted
right to move that portion of the wall which rests upon their own
ground. By the appropriation of the one-half on his side, appellee
has imposed upon appellants the burden of maintaining the half
that is on their side intact for his benefit. No part of the wall,
not even that portion resting on his side of the line, was ˙his
property, merely from the fact that it had been constructed by
appellants' vendors without contract with appellee, or appellee's
vendors. The very fact that they would have had a right to
remove it at any time before appellee used it, or paid for it, is
conclusive of the fact that the title was in them. After appel-
lee's appropriation of it to his own use, and his imposition of ·the

Spaulding, etc., v. Grundy.

easement upon that portion resting on appellants' land, he refuses to contribute to the cost, he refuses to pay any part of the present value of that which he takes. The case is not one based upon a covenant between parties, unless it be upon such implied covenant as even a court of law, and with much stronger reason, a court of equity will declare created by the circumstances. Appellants clearly had the right to require contribution from appellee to the extent of the full present value of one-half the wall, which he has now appropriated to his own use.

## AUTHORITIES CITED.

Harber v. Evans, 101 Mo. 661, 20 Am. St. Rep. 646; Dorsey v. Habersack, 84 Md. 117; Henry v. Koch, 80 Ky. 391; Oldstein v. Fireman's Bldg. Ass'n, 44 La. Ann. 492; Whiting v. Gaylord, 66 Conn. 337, 50 Am. St. Rep. 87; List v. Hawnbrook, 2 W. Va. 340; Cole v. Hughes, 13 Am. Rep. 611, 54 N. Y. 444; Kimm v. Griffin, 67 Minn. 25, 64 Am. St. Rep. 385; Roche v. Ullman, 104 Ill. 111; Harris v. Dozier, 72 Ill. App. 542; Mickel v. York, 175 Ill. 62; McChesney v. Davis, 86 Ill. App. 380; Voight v. Wallace, 179 Pa. St. 520; Tomblin v. Fish, 18 Ill. App. 439; Thomson v. Curtis, 28 La. 229; Pew v. Buchanan, 72 Ia. 637; Standish v. Lawrence, 111 Mass. 111; Pilsbury v. Morris, 54 Minn. 492; Jordan v. Kraft, 33 Neb. 845; Hendricks v. Stark, 37 N. Y. 106; Appeal of Heimbach (Pa.), 7 Atl. 737; Arnold v. Chamberlin, 14 Tex. Civ. App. 634; National Fire Ins. Co. v. Lee, 75 Minn. 157; Adams v. Noble, 120 Mich., 545; Mott v. Oppenheimer, 135 N. Y., 313; Keteltas v. Penfold, 4 Ed. Smith, 122; Platt v. Eggleston, 20 Ohio St., 414; Day v. Caton, 119 Mass. 513, 20 Am. Rep. 347; Graves v. Smith, 87 Ala. 450, 13 Am. St. Rep. 60; Ingals v. Plamondon, 75 Ill., 118; Meckle v. York, 66, Ill. Supp. 464; Block v. Isham, 28 Ind., 37; Fidelity Lodge I. O. O. F. v. Bond, 147 Ind., 437; Haufman v. Kuhn, 57 Miss., 746; Chiverick v. R. J. Guning Co., 58 Neb., 29; Brooks v. Curtis, 50 N. Y., 639; Burton v. Moffitt, 3 Or., 29; Richardson v. Tobey, 121 Mass. 457, 23 Am. Rep. 283; Sharpe v. Cheatham, 88 Mo. 498, 57 Am. Rep. 433; Campbell v. Mesier, 4 Johns. Ch. 334, 8 Am. Dec. 570; Sanders v. Martin, 2 Lea. 213, 31 Am. Rep. 598; Willford v. Jerard, 22 Ky. Law Rep. 203; Sharp v. Cheatham, 88 Mo. 498, 57 Am. Rep. 433; First Nat'l Bank v. Security Bank, 61 Minn. 25, 63 N. W. 264.

JOHN McCHORD, Attorney for appellee.

1. There is no allegation in appellants' petition, or any pretense that appellee had any notice whatever, either actual or

constructive, that appellants' remote vendor who constructed the extended wall, did it at his own cost, or expected appellee's remote vendor to pay for half the cost of it. As stated before, there was no writing evidencing an agreement between the vendors of appellants and appellee in relation to the extended wall.

2. It can not be successfully contended by appellants that their petition, in so far as it seeks to remove the alleged cloud and slander on their lot, is not fatally defective. The allegation of the petition is that appellee claims that the wall in controversy is entirely on his own land. A dispute as to the boundary line does not constitute a cloud upon the title.

### AUTHORITIES CITED.

22 Am. & Eng. Encyc. Law, 2d. Ed., 255; Cole v. Hughes, 54 N. Y. 444, 13 Am. R. 611; Fonda v. Parr, 10 Ky. Law Rep. 445; Sherrod v. Cisco, 4 Sand.; Partrige v. Gilbert, 15 N. Y. 601; 2 Washburn an Real Property, 262, 263 and 334; Hurd v. Curtis, 19 Pick. 459; Harsha v. Reid, 45 N. Y. 415; Kipple v. Bailey, 2 Nyd. & K. 517; Smiths leading cases; English and American notes to Spencer's case; Black v. Isham, 16 Am. Law Reg. 8; Weld v. Nichols, 17 Pick. 543.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

Appellants are the owners of a lot, with a store building thereon, in the city of Lebanon. Appellee owns the adjoining lot. Both lots were formerly owned by one Ben Spalding, and the parties to this litigation acquired their respective lots by various conveyances. For a consderable time, the buildings on both lots extended back the same distance from Main street; the dividing wall between them being recognized as a joint or partnership wall. Afterwards, appellants' vendors increased the depth of their store building by extending the division wall on the line between the lots, and erected a wall two stories in height above the ground. The extension of the partnership wall between the two buildings was

made by the appellants' vendors at their own expense, with the expectation, belief, and assurance that, when appellee or his vendors should extend their building and use the wall erected by appellants' vendors for the purpose of building on or to it, they would contribute their share of the expense of erecting, it, or pay to appellants one-half of the value of the wall so taken · and used at the time it should be used. Appellee acquired title to his lot in 1881, and since then at various times he has extended the store building on his lot, until the storeroom now, reaches to the end of the wall erected by appellants' vendors, and is using and utilizing the wall as the eastern wall of his building. Appellee refusing to contribute anything to the expense of erecting the wall made by appellants' vendors, or pay any part of the value of the wall used by him, they brought this action, seeking to recover from appellee one-half the value of the wall erected by their vendors and used by him. To their petition a demurrer was sustained, and judgment entered dismissing it.

The statement of the facts heretofore made is taken from the petition, and for the purposes of this appeal must be accepted as true. There was no written or other agreement between any of the parties concerning the erection or use of this partition wall, so that the question to be decided may be thus stated: Will a person, who uses for his own convenience and benefit an adjoining wall erected by another person, be required to contribute to the vendee of the person erecting the wall one-half, or his fair proportion of the cost thereof? The center of the wall erected by appellants' vendors was the dividing line between their lot and the adjoining lot, now owned by appellee, and it may be conceded that, at

any time before appellee took possession of the wall
or commenced to use it as a party or partnership wall,
it might have been removed by the persons who
erected it or their vendees.   Appellants, under the
conveyances, became entitled to all the rights in the
wall that their vendors had; in other words, their
status was the same as if the wall had been erected
by them.   So that the question, when narrowed down,
resolves itself into this: If A. erects a wall, the
center line of which is the dividing line between his
property and that of B.'s, and afterwards B. uses
the wall without any agreement or arrangement,
written or otherwise, to contribute to the expense of
erecting the wall, will the mere fact that B. is using
it as one of the walls of the building erected by him
entitle A. to recover from B. his proportionate cost
of the wall?

When appellee built up to this wall, and used it as
one of the exterior walls of his building, appropri-
ating to himself the use of the wall, and enjoying the
benefits of the labor and money expended by the
persons who. erected it, it would seem fair and just
that he should be required to contribute toward the
cost thereof.   Numerous questions concerning party
walls have come before the courts, and in many
material particulars there is wide conflict and dif-
ference in the opinions concerning the rights and
liabilities of the persons who erected the walls and
those who use them.   Generally, party walls are
erected under an agreement as to their use, and in
many states are regulated by statute, and often an
issue has arisen as to whether these agreements are
personal to the parties or covenants running with
the land and enforcible by and against remote vendees
of the persons who made the agreement at the time

the wall was built. There was no privity of contract respecting this wall between appellants and appellee; nor can it fairly be said that appellee had any connection with the "expectation, assurance, and belief" existing in the mind of appellants' remote vendor when he erected this wall. But, back of this, there stands out in support of appellants' claim the substantial fact that appellee has appropriated to his own use a part of this party wall erected by appellants' vendors, without having paid anything therefor. So that, aside from any of the distinctions that involve the law of party walls in obscurity and doubt, there remains the proposition strongly put in behalf of appellants that justice and fair dealing demand that appellee should contribute towards the payment of a wall that he has used to his advantage and benefit. Indeed, it might with propriety be said that the question here involved partakes more of the nature of a suit for contribution than one involving the doctrine of party walls. Placing the case upon this ground simplifies very much the question to be disposed of. We need not inquire into the law concerning covenants running with the land, as it bears upon the question of party walls; nor is it necessary to attempt to reconcile the conflicting decisions touching the rights of remote vendees in respect to them. There is authority founded in reason and justice that requires a person who uses a party wall, in the absence of any agreement or contract, to contribute his fair proportion of the cost thereof to the person erecting the wall, or, to put it in another and perhaps a better way, to pay a reasonable price for the use of the wall.

One of the earliest cases in support of this doctrine is Campbell v. Meiser, 4 Johns, Ch. 335, 8 Am. Dec.

570, where Chancellor Kent, writing held that where one owner rebuilt a party wall that was used by the adjacent owner, the latter might be required to contribute to the expense of its erection, saying. "I have not found any adjudged case in point, but it appears to me that this case falls within the reasonable and equitable doctrine of contribution, which exists in the common law, and is bottomed and fixed on general principles of justice." Looking in the same direction is Day v. Caton, 119 Mass. 513, 20 Am. Rep. 347, where the court held that, although a promise to pay for a party wall would not be implied from the fact that the builder, with the knowledge of the adjacent owner, erected the wall, yet such promise might be inferred from the fact that the person erecting the wall undertook and completed it with the expectation that the adjacent owner would pay for it. In Sanders v. Martin, 2 Lea (Tenn.) 213, 31 Am. Rep. 598, the facts were very similar to those here presented. Sanders and Martin owned adjoining lots in the city of Memphis, separated by a party wall. The houses were two stories high without any cellar. Sanders erected a three-story brick house on his lot, and used the party wall, raising it one story higher. He also, with the consent of Martin, made a cellar, which necessitated underpinning the party wall by a wall of the same thickness, one half on his lot and the other half on the lot of Martin. Sanders expected that, when Martin came to use the cellar and raise his house higher, he would contribute one-half the actual cost of these improvements. Afterwards Martin erected a building on his lot, using in its construction the wall erected by Sanders. Thereupon Sanders brought an action for contribution against Martin. In the opinion, the court said:

"The common law is singularly obscure on this subject, and the decisions few, conflicting, and unsatisfactory. It seems certain that the common law does not recognize the right of the owner of land to compel the owner of an adjoining lot to build a party wall; nor can either demand contribution from the other for a wall erected in whole or in part on the land of such other person, nor for any incidental benefit the latter may derive from a wall erected entirely on the land of the builder. The authorities stop short of the case before us, and that is, whether, after the wall has been underpinned and raised in height by one for his own convenience, he can claim contribution from the co-owner when the latter actually uses these additions. In the forum of conscience the answer would at once be that the latter ought to pay the former for the benefit received by his labor and expenditure. The argument of the learned counsel for the defendants is that this court is governed by the law, not by principles of abstract right; that the defendant Martin is not entitled to treat any erection made by a third party on his own land as his own; and, in fine, that the client stands upon the letter of the law, and claims all he can get. If one owner can rebuild a party wall, which has become dangerous, and compel contribution, it is clearly upon the equitable and moral principle that the expenditure is for the benefit of both, and that the right of easement is a sufficient basis upon which to justify interference and raise an implied contract. The same basis exists where a wall is added to and actually used. If both of these parties had dug their cellars and added additional stories to their houses at the same time, although only one of them built the addition to the party wall, a promise by the other to pay for the moiety of the

wall would be implied. Is there any reason in law why the same implied promise would not arise where, after the addition had been made by one, the wall was used by the other? The relation of the parties created by the joint easement in the new wall would seem to be as efficient in the case of an addition to the wall as in the case of rebuilding the same wall. Upon the case made in the bill, if established by the testimony, the complainant is entitled to relief. The measure of relief, however, is not the cost of the additions to the wall, but the moiety of the value of the additions at the time they were actually used by the defendants. They might never have been used, in which case no contribution whatever could be had. They might have been erected when the work for some reason exceptionally costly, and used when the wall could have been done at half price, or when the wall itself had become dilipidated by time. Martin cannot be called upon to pay more than half the value of the wall when used." In Willford v. Gerhard, 22 Ky. Law Rep. 203, 56 S. W. 416, the court quoted with approval Campbell v. Mesier, and Sanders v. Martin, and upheld the doctrine of contribution in cases of party walls.

The conclusion we have reached is not free from doubt, and is contrary to the views held by a respectable number of courts; but we are of the opinion that a person who uses a wall erected on the dividing line by the owner of the adjacent lot should pay a reasonable and fair price for the use thereof, estimated as of the time when the user takes place. And this, although neither he nor his vendor was a party to the erection of the wall, and made no agreement, express or implied, concerning it.

The judgment is reversed, with directions to proceed in conformity with this opinion.