# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY

## JANUARY TERM, 1909

CASE 1.—ACTION BY LOCKRIDGE & RIDGEWAY AGAINST
THE CITIZENS FIRE INSURANCE COMPANY OF
MISSOURI AND OTHERS FOR DAMAGES BY A
FIRE TO A PARTY WALL.—February 9.

## Citizens' Fire Ins. Co. v. Lockridge & Ridgeway

Appeal from Graves Circuit Court.

R. J. Bugg, Circuit Judge.

Judgment for plaintiffs. Defendants appeal.—
Affirmed.

1. Appeal and Error—Verdicts—Conclusiveness.—A verdict on
   conflicting evidence will not be disturbed on appeal.
2. Party Walls—Rights of Adjoining Owners.—Where a party
   wall stood one-half on each lot, each party could use the
   whole wall to support their respective buildings, each own-
   ing the fee to the center of the wall and an easement in the
   rest of it, and neither could build the wall higher to increase
   the height of his building, except at his own cost.
3. Insurance—Buildings—Party Walls.—The owner of an insured
   building can recover under his policy for damage by fire to
   a party wall located one-half on his land and one-half on
   the adjoining owner's land, though he only owns the fee to
   the center of the wall.

STANFIELD BROS. for appellant.

2. The court erred in giving instruction "Z" offered by the plaintiff.

3. The court erred in refusing to give instructions "X" and "W" offered by defendants.

4. Because the damages as fixed by the jury are excessive so as to indicate and appear to have been given under the influence of passion and prejudice.

5. Because the verdict and decision of the jury is not sustained by the evidence and is grossly and flagrantly contrary to the evidence.

6. Because over the objections of counsel for the appellants the court permitted counsel for appellees to argue to the jury that Mrs. M. E. Bollinger could not be compelled to repair her portion of the west wall of building claimed to have been damaged.

7. Because the court erred in refusing to allow the jury to see an estimate in writing admitted to have been made by the plaintiff, J. W. Ridgway, in his own hand-writing, a few days after the fire, which estimate set out the amount of damage the plaintiffs claimed the said fire caused to the plaintiffs' building. This ruling made over the objection of the defendants.

8. Because when said estimate was offered to the jury by counsel for defendants, the counsel for plaintiffs in presence and hearing of the jury in a violent manner said "counsel for defendants is attempting to slip something to the jury," whereupon, in the presence and hearing of the jury, the court made the remark: "The action of counsel for defendants is highly improper." By this conduct and these prejudicial remarks the jury were forced to conclude that some wrongful act was attempted by counsel for defendants. These remarks greatly prejudiced the rights of the defendants, and the court erred in refusing to admonish the jury that the counsel for defendants was only in exercise of right as counsel.

## AUTHORITIES CITED.

Sedgwick on Damages, section 932 (8th Ed.); Maysville v. stanton, 12 Ky. Law Rep. 586; Fonda v. Parr, 10 Ky. Law Rep. 445.

party wall are sustained by S. B. & C. C. Spaulding vs. Grundy, 31 Ky. Law Rep. 951; Saunders vs. Martin (Tenn.), 31 Am. Rep. 598; Wilford vs. Gerard, 22 Ky. Law Rep. 203; Campbell vs. Mesier, 8 Am. Dec. 570.

2. Under these authorities appellees were the owners of one-half of the west wall to the second story, and all of the wall above the second story, and the right of use of the other one-half of said wall to the second story, and the measure of damages, as to their wall, was the difference in value of said wall as thus defined, just before the said fire and immediately after said fire, as a result of the fire.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Appellees were insured by appellants, a number of fire insurance companies, against loss or damage by fire to their four-story business house in Mayfield. Appellees and Mrs. Bollinger owned adjoining lots. When they bought them, there were buildings on each which joined, and were separated by a common party wall. The wall stood one-half on each lot. The buildings were each two-story brick houses. Appellees' house having become damaged or partially destroyed, they began the erection of another and larger house— the subject of the insurance involved in this suit. They attempted to contract with Mrs. Bollinger as to building the party wall between them two stories higher than it was, but the parties failed to agree. Appellees went ahead and rebuilt their house, using the old party wall as it stood, but extended the party wall so as to accommodate their four-story building. They paid all the cost of building the addition to the party wall. Mrs. Bollinger refused to pay them any part of it. Appellees insured their building with appellants as stated. Mrs. Bollinger's house caught afire one night, and was destroyed. The heat sprung, and otherwise impaired, the stability of the partition

wall. Appellees declared upon it as a damage to their property under the policies of insurance. The trial resulted in a verdict, finding that the wall was damaged by the fire, and fixed the amount of the loss occasioned thereby to appellees on their building. We will not stop to discuss whether the damage to the wall was as great as the jury found. There is ample evidence in the record to sustain their verdict. And there is enough, too, to have sustained a verdict for a much less sum. It all depends on which of the testimony the jury believed, and that was their affair solely. So we assume that the wall was damaged to the extent found in the jury's verdict; that is, that the damage to appellees' building was in the sum found by the jury.

The court gave the jury these instruction:

"The court instructs the jury that if they believe from the evidence that the fire which occurred in the Bollinger building on February 15, 1908, damaged by fire the building of plaintiffs, you will find for the plaintiffs the damage, if any was sustained by them, to the said building, not exceeding the sum claimed, $4,335. And in estimating such damage you will estimate the difference in value, if anything, between said building just before the fire occurred and the same building immediately thereafter that you may believe was approximately caused by the fire; such difference, if any, in value to be determined by the reasonable cost of repairing or restoring any damage or injury caused solely by the fire. "

"The court instructs the jury that the west wall of the plaintiff's building is a party wall, and one-half of same belongs to plaintiffs to the second story, and all the balance belonged to the plaintiffs, but plaintiffs had the use of all the said wall, and the jury are

instructed in this case, in estimating the plaintiffs' damages, to consider the difference in value of this wall to their building as the same exists as the result of the fire afterwards.''

This. court this day, in an opinion handed down in Bright v. Bacon, etc., 116 S. W. 268, 131 Ky. 846, had occasion to consider the law applicable to party walls. It is not deemed necessary here to restate the reasoning advanced, or the authorities cited, in that opinion. It is enough to reiterate that each party to the party wall agreement, in a situation such as this record discloses Mrs. Bollinger and appellees to have been in, was legally entitled to use the whole of the party wall as a means of support of their respective buildings; that each owned the fee to the center of the wall, and an easement in the rest of it; that either had a right to build the wall higher so as to increase the height of his building, but at his own cost, and if the other subsequently came to also use the extension, the matter of compensation was regulated by the opinion of this court in Spalding v. Grundy, 126 Ky. 510, 104 S. W. p93, 13 L. R. A. 149, 31 Ky. Law Rep. 951. This is substantially the criterion of appellees' title in the wall given to the jury by the instructions last quoted above. Appellants contend that this gives to the appellees the full value of the party wall in case it is destroyed, and to the other party the full value, also in case her building was similarly insured. So be it. The thing insured was not the wall, nor any particular interest in it. It was appellees' house as a house. A tenant may have an insurable interest in a house, while his landlord also has an insurable interest in it. If each is insured, and the house is destroyed by fire, is not the ·tenant damaged the value of his unexpired term, and

is not the landlord damaged the value of the building, although but one building was destroyed?

Mrs. Bollinger, even if she had insurance upon her building, which was paid to her, could not be compelled to rebuild or repair the party wall. If it was so damaged by the fire that it had to be torn down and a new wall built so as to support appellees' building, then appellees alone had to bear that whole expense. If they do so rebuild it, and if Mrs. Bollinger subsequently elects to rebuild her house so as to tie onto or build into the party wall, she might have to repay appellees one-half of the cost, or one-half of its then value, but that fact detracts nothing from appellees' present loss. Their building is not a whole building without that wall, and its damage is the diminution in its value by reason of the damage to the wall. That sum which it would require to restore the building in substantially as good condition as it was just before the fire represents the damage done to it by the fire.

We think the instructions fairly submitted to the jury the elements of appellees' loss, and the verdict must be affirmed.