NELSON v. CONTINENTAL INS. CO.

(Circuit Court of Appeals, Sixth Circuit. November 21, 1910.)

No. 2,010.

1. PARTY WALLS (§ 4*)—CONTRACTS—CONSTRUCTION.

B. constructed a wall on the line of his lot 16 inches thick on a foundation 24 inches thick. Plaintiff, the adjoining owner, desiring to use the same as a party wall, B. for a consideration conveyed to plaintiff a strip fronting 6 inches on the street and running back the entire length of the lot, to include one-half of the wall; it being understood that when the wall was raised two stories higher B. was to own the half built on his half of the wall, and that each could use the same for raising his building higher. *Held*, that plaintiff thereby acquired the ownership of the half of the wall next to his property throughout its entire length, together with an easement in the adjoining half for support of the half so purchased.

[Ed. Note.—For other cases, see Party Walls, Cent. Dig. §§ 5–10; Dec. Dig. § 4.*]

2. INSURANCE (§ 115*)—PARTY WALL—EASEMENT OF SUPPORT—INSURABLE INTEREST.

The owner of one half of a party wall has an insurable interest in his easement in the other half for support.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 139; Dec. Dig. § 115.*]

3. INSURANCE (§ 163*)—POLICY—INSTRUCTION—PARTY WALL—EASEMENT OF SUPPORT.

Defendant issued to plaintiff a policy on a building described as a five-story and basement brick, metal-roofed building, situated, etc., providing that the insurance should cover the building, foundation, fixtures, etc. Attached to the policy was a rider declaring that it was agreed that the insurance should also cover insured's one-half interest in the south wall of the four-story and basement brick, metal-roofed building, situated on the adjoining lot, and provided that it should be void if the interest of insured was other than unconditional and sole ownership, or if the sub-

---

ject of insurance be a building on ground not owned by the insured in fee simple. *Held*, that such policy covered not only the half of the party wall which was owned by insured in fee, but that it also covered damages sustained by insured to her easement of support in the other half resulting in fire damage to that part of the wall.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 339–346.; Dec. Dig. § 163.*]

4. INSURANCE (§ 503*)—NATURE OF CONTRACT—INDEMNITY.

Where defendant had written a policy covering plaintiff's interest in a party wall, which was injured by a fire on the adjoining property, it was no answer to plaintiff's claim to recover for injuries to her easement of support, in the adjoining owner's part of the wall, that to permit such a recovery would in effect permit her to realize a profit from the policy, which was a mere contract of indemnity.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 503.*]

In Error to the Circuit Court of the United States, for the Middle District of Tennessee.

Action by Louisa Nelson against the Continental Insurance Company. Judgment for plaintiff for less than the amount demanded, and she brings ·error. Reversed, and new trial ordered.

Clarance T. Boyd, for plaintiff in error.

John J. Vertrees, for defendant in error.

Before SEVERENS, WARRINGTON, and KNAPPEN, Circuit Judges.

KNAPPEN, Circuit Judge. This is an action upon a fire insurance policy. The material facts are these:

The plaintiff, in the year 1899, was the owner of a lot in Nashville, Tenn., fronting about 42 feet on North Market street and running back 211 feet to Front street, and having thereon an old two-story building. One Pilcher owned a lot adjoining plaintiff's lot on the north (likewise extending from North Market street to Front street) ; Pilcher's lot having thereon a three-story brick building, the south line of which was the north line of plaintiff's lot, and the south wall of the Pilcher building being 16 inches in thickness and resting upon a stone foundation wall 24 inches in thickness. Pilcher's south wall was thus entirely upon his own land. The plaintiff, desiring to construct a new building on her lot in place of the old one, bought from Pilcher, for the price of $1,200, an interest in the south wall of the Pilcher building and land on which the wall stood; the property conveyed being described in the deed from Pilcher to plaintiff as follows:

"A certain tract or parcel of land in Davidson county; state of Tennessee, as follows: Being part of lot No. 14, lying next to the Lanier property and fronting six inches on Market, running back to Front street two hundred and eleven feet, the six inches to include one-half of wall adjoining said Lanier property and dividing my property from the Lanier property. * * * My storehouse fronts forty-two feet and when said six inches is sold will leave me only 41 1–2 feet on Market and Front streets and my half of said wall. * * * It is understood when the wall dividing the property is raised two stories higher the said M. B. Pilcher is to own the half built on his half of said wall and can use the same for raising his building higher."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Upon the trial Pilcher testified that after this conveyance he owned ten inches of the ground on which the wall stood and plaintiff six inches, and that he and plaintiff each owned a one-half interest in the entire wall, and that such was the intent and purpose of the conveyance referred to. The reason for conveying six inches of ground rather than eight inches does not appear. It is quite possible the parties supposed the brick wall to be but twelve inches thick. Immediately upon this purchase, plaintiff erected upon her lot a five-story brick and stone building, connecting her building with the Pilcher wall, as a party wall, to the height of the three-story Pilcher building and carrying the Pilcher wall two stories higher; the fourth story wall being 16 inches and the fifth story wall 13 inches in thickness, and the expense of carrying up the wall (amounting to about $2,800) being borne entirely by the plaintiff. The floor space in plaintiff's new building thus extended clear to the wall of the Pilcher building. The obtaining of such floor space seems to have been one of plaintiff's objects in the purchase from Pilcher.

The defendant issued to plaintiff its policy of insurance "against all direct loss or damage by fire" on her new building in the sum of $18,-000; the property insured being described as assured's "five-story and basement brick, metal-roofed building, situate Nos. 138–142 E-S of North Market street, Nashville, Tenn., and occupied as a wholesale hardware store. * * * This insurance covers said building, together with foundations, steam, gas and water pipes and fixtures, elevator and its fixtures, and all other fixtures, including plate glass, contained in said building." To this policy was attached the following rider:

"It is understood and agreed that this insurance also covers on the assured's one-half interest in the south wall of the four-story and basement brick metal-roof building, situate Nos. 144–146 North Market St., Nashville, Tenn."—the building referred to in the rider being the Pilcher building.

The policy provided that it should be void if "the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple."

While this policy was in force, the Pilcher building was almost entirely destroyed by fire, and as a result the south wall of the Pilcher building sustained more or less injury, at least to the height of the Pilcher building; there being some testimony tending to show injury to the wall built by plaintiff above that building. The direct fire damage to the partition wall was confined to the north half of the wall's thickness. There was also some fire damage to the plaintiff's building, independently of the injury to the partition wall. After the fire, for the purpose of strengthening the wall, in connection with the reconstruction of his building, Pilcher put a veneer or facing of brick several inches in thickness on the north side of the party wall. There was a conflict of testimony as to whether this facing restored the wall to its former strength. The plaintiff sought to recover damages on account of the injury to the party wall, as well as for other injuries independently of those to that wall. The de-

182 F.—50

fendant, by its plea, denied liability for the injury to the wall in question, upon the ground (so far as important here) that plaintiff owned only the south six inches in thickness of the wall, and that this part of the wall was not directly damaged or injured by fire. The learned judge who presided at the trial construed the deed from Pilcher to plaintiff as conveying to the latter merely the six inches of land immediately adjoining her property on the north, and an ownership of the south half of the wall as a separate or divided interest, together with an easement of support in the Pilcher half of the thickness of the wall, and instructed the jury that, while the easement of support was an insurable interest, the policy did not cover such interest, and that plaintiff could not recover for the damage to the easement of support by reason of the weakening of the north half of the wall. The recovery was accordingly, under the charge of the court, confined to the damage to plaintiff's building not connected with the wall in question. For these other injuries to plaintiff's building there was verdict and judgment in her favor. The action of the court in so limiting the recovery is the main ground of error assigned.

The plaintiff contends here that the trial judge erred in holding that the plaintiff acquired by her purchase from Pilcher an interest in severalty in the Pilcher wall, plus an easement of support in the other half, and insists that the interest so acquired was an undivided half interest in the entire wall. The defendant concedes that the Pilcher wall became, by the purchase and conveyance in question, a party wall. It insists, however, that the plaintiff did not acquire an undivided interest in the wall, but concedes that, notwithstanding the conveyance of but six inches of ground, plaintiff acquired a separate ownership of the south half of the wall's thickness throughout its entire length; each party having in the other half an easement of support for his own half.

In our opinion, the interest acquired by plaintiff in the wall was at least that of ownership of its south half throughout its entire length, together with an easement in the north half for the support of the south half (Sanders v. Martin, 2 Lea [Tenn.] 213, 215, 31 Am. Rep. 598); and for the purposes of this opinion we shall assume (without expressly deciding) that plaintiff was not the owner of an undivided interest in, nor a tenant in common of, the wall throughout its entire thickness.

That plaintiff's easement of support in the north half of the wall was an insurable interest is properly conceded. Columbian Insurance Co. v. Lawrence, 2 Pet. 25, 46, 7 L. Ed. 335; Guiterman v. German-American Insurance Co., 111 Mich. 626, 627, 70 N. W. 135. The real controversy upon this branch of the case turns upon the question whether this easement of support was actually covered by the insurance policy in suit.

The argument presented to us in support of the proposition that the policy of insurance as written did not cover the plaintiff's easement of support in the north half of the wall's thickness is that the injury to plaintiff's easement of support, by the weakening of the north half of the wall, was not direct damage by fire to the prop-

erty insured; that plaintiff's interest in the north half of the wall was not "the sole and unconditional ownership," but a mere right to enjoy the support given by the north half to the south or plaintiff's half of the party wall; that such interest would not be covered by the policy unless such interest is therein truly stated and language used showing an intent to insure it; and that such is not the case with the policy in question.

The general proposition that, if the insurable interest is other than unconditional and sole ownership, the policy should contain language indicating an intent to include or insure it, and that such interest should be therein truly stated, may safely be conceded. In our opinion, however, the policy as written, construing together the general language of the policy and the rider thereto, was intended to cover plaintiff's interest of every kind in the party wall, and thus her easement of support. This easement was, in our judgment, not only appurtenant to, but actually inherent in the half of the wall owned by the plaintiff, thus differing from an easement of right of way or access to property not a part of the unitary property, but merely appurtenant or incident thereto. The party wall in question was, in a very proper sense, part of plaintiff's five-story building described in the body of the policy. This consideration is important as bearing upon the intent of the insurance contract. The rule is too well settled to require more than the merest reference to authority that, where a policy of insurance is so framed as to leave room for two constructions, the words used should be interpreted most strongly against the insurer. Liverpool, London & Globe Ins. Co. v. Kearney, 180 U. S. 132, 136, 21 Sup. Ct. 326, 45 L. Ed. 460. There is no claim that plaintiff in obtaining her insurance made any misrepresentation or concealment of her interest in the property. The rider attached to the policy indicates that the insurer had knowledge that the south wall of the Pilcher building was a party wall, outside of and beyond the limits of the premises generally described in the policy, which were the assured's "five-story and basement brick, metal-roofed building, situate Nos. 138–142 E-S of North Market street, Nashville, Tenn."; while the rider extends the protection of the insurance to the assured's interest in the south wall of the building described as "situate Nos. 144–146 North Market St., Nashville, Tenn." Under these circumstances, defendant must be presumed to have had knowledge of plaintiff's interest in the subject of the insurance, and to have issued its policy with such knowledge. Manchester Fire Assurance Co. v. Abrams (Ninth Circuit) 89 Fed. 932, 32 C. C. A. 426; Hall v. Niagara Fire Ins. Co., 93 Mich. 184, 53 N. W. 727, 18 L. R. A. 135, 32 Am. St. Rep. 497. Again, the rider does not limit the protection of the insurance to the south half of the party wall, but extends it to the assured's "one-half interest" in that party wall. This, under the circumstances existing, and in the absence of any misrepresentation or concealment, is as effective as if, to the words "the assured's one-half interest," there had been added the words "as such interest actually exists."

Plaintiff's easement of support in the party wall being covered by the insurance, the injury in question thereto would be "direct loss or

damage by fire"; those words meaning "loss or damage occurring directly from fire as the destroying agency, in contradistinction to the remoteness of fire as such agency." California Ins. Co. v. Union Compress Co., 133 U. S. 387, 415, 10 Sup. Ct. 365, 372, 33 L. Ed. 730.

Counsel for defendant cites Ostrander on Fire Insurance (2d Ed.) p. 682, § 317, wherein the learned author lays down the rule that a policy on the assured's "three-story brick building" would not cover an injury to assured's easement of support in the party wall, occasioned by physical injury to the opposite side of the wall from fire occurring in the adjoining building; the wall on the assured's side remaining intact and without cracks. Without deciding whether or not the rule of law is as above stated, it is enough to say that, in our opinion, it has no application to a case where, as here, the policy is by express terms extended to the assured's half interest in the party wall. Indeed, Mr. Ostrander, in the section above cited, says: "It will not be disputed" that assured's interest in the party wall "could be protected by insurance." Adding: "But this is not effectuated by the *form of the policy mentioned*." (The italics are ours.)

The conclusion we have reached finds support in two recent decisions. In Citizens' Fire Ins. Co. v. Lockridge & Ridgeway, 116 S. W. 303, 20 L. R. A. (N. S.) 226, decided by the Court of Appeals of Kentucky, two adjoining proprietors owned a party wall standing one-half upon the lot of each proprietor, each of whom owned the fee to the center of the wall and an easement in the rest of it. A fire upon the premises of one proprietor sprung and otherwise impaired the stability of the party wall. It was held that the adjoining proprietor could recover under the policy of insurance on his building for damage to the party wall, to the extent of the difference in value of the assured's building before and after the fire, so far as caused by the fire; the court saying that the assured's building "is not a whole building without that wall, and its damage is the diminution in its value by reason of the damage to the wall." It does not appear from the report of the case that the assured's interest in the party wall was expressly mentioned in the policy. In Monteleone v. Insurance Co., 47 La. Ann. 1564, 18 South. 472, 56 L. R. A. 784, a policy of insurance upon a building was held to cover the assured's interest in a party wall. Each of these two cases goes farther than we have found it necessary to go, as in the case before us we have construed the policy as directly covering the assured's interest in the party wall.

The learned counsel for defendant contends that to permit plaintiff to recover for an injury to her easement of support would in effect permit her to realize a profit out of a contract of fire insurance, which is one of indemnity only. In Monteleone v. Insurance Co., supra, to the contention that the allowance for the party wall should be reduced one-half on account of the interest in the party wall not insured, and the plaintiff relegated to an action against his coproprietor for further reparation, it was replied that the right against the adjacent proprietor would pass to the insurer by subrogation. In Insurance Co. v. Lockridge & Ridgeway, supra, a contention that to

permit recovery by one proprietor for the cost of repairing or restoring the injury caused by the fire would result in giving double damages for the same injury, in case the other proprietor was also insured, was met by the answer that:

"The thing insured was not the wall, or any particular interest in it. It was appellee's house as a house."

But we are not required, upon this record, to pass upon the measure of plaintiff's recovery, as affected either by Pilcher's veneering of the party wall on his side or the possible fact of insurance by Pilcher on his interest in the party wall. This is so as to the first subject mentioned not only because this question has not been passed upon by the court below, but because there is a conflict of testimony as to whether the facing put on by Pilcher restored the party wall to its former strength. As to the question of double insurance, not only is that question not before us, but upon the face of things there would seem no serious difficulty in preventing a failure of justice upon the principle of subrogation or otherwise.

In view of the result to which our conclusions lead, the question arising from the failure of the court (apparently inadvertent) to submit to the jury the questions arising from the injury to the foundation wall need not now be considered.

For the error in excluding liability for the damage to the plaintiff's easement of support in the party wall, the judgment must be reversed, and a new trial ordered.