## Central States Fire Insurance Company v. Jenkins.

(Decided June 14, 1927.)

### Appeal from Webster Circuit Court.

1. Insurance.—Provision of fire insurance policy that the insurer shall not be liable for a greater proportion of loss on the property than the amount insured shall bear to the whole insurance is valid.

2. Insurance.—Where two different companies insured adjoining storerooms against fire, insurer of one of the adjoining rooms was

the two rooms that the amount of insurance by it bore to the total liable only for the proportion of the damage to the wall separating insurance by both companies, under its policy providing that it should not be liable for a greater proportion of any loss than the amount of its policy should bear to the total insurance.

W. T. HARRIS for appellant.

RAYBURN WITHERS for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

John G. Jenkins owned two adjoining storerooms separated by a single wall. For convenience these may be designated No. 1 and No. 2, respectively. No. 1 was insured for $1,800 in the Central States Fire Insurance Company, and No. 2 for $2,500 in the Continental Insurance Company. All of No. 2 was destroyed by a fire, which damaged No. 1, aside from the division wall, to the extent of $345.51; it being shown that it will require $970.51 to replace the division wall. Jenkins recovered judgment against the Continental Insurance Company for the full amount of its policy $2,500, and it does not appear whether that judgment was paid or an appeal taken therefrom.

In this suit against the Central States Fire Insurance Company, he sought the full amount set out supra, $1,316.02. The company denied liability for more than eighteen forty-thirds of the cost of replacing the wall in question, to-wit, $402.26, together with the remainder of room No. 1, $345.51, or a total of $747.77. The case was submitted to the court on agreed stipulation of fact and judgment was rendered for the full amount of Jenkins' claim. The insurance company appeals.

Each of the insurance policies contains the following provision:

"This company shall not be liable under this policy for a greater proportion of any loss on the described property or for a loss by the expense of removal from the premises endangered by fire than the amount hereby insured shall bear to the whole insurance whether valid or invalid, or by solvent or insolvent insurers covering such property, and the extent of the application of the insurance under this policy or of the contribution to be made by this

company in case of loss, may be provided for by agreement or condition written hereon or attached or appended hereto."

This clause is valid and enforceable. Sun Ins. Co. v. Varble, 103 Ky. 758, 46 S. W. 486, 20 Ky. Law Rep. 556, 41 L. R. A. 792. But appellee argues that it does not apply to this case for the reason that the property insured was in each instance covered by a single policy; that each store was a distinct entity and insured as a whole without reference to its integral parts, and therefore he can recover on each policy for the entire damage to the property covered by it. We cannot assent to this proposition. Its effect is to pay appellee twice the cost of replacing the center wall, and thereby enables him to make a profit on his insurance contract, instead of receiving indemnity for his loss, a result not in accordance with the basic elements of insurance contracts. It is true that each policy covered a separate storeroom and that no reference is made in either policy to the division wall, and, if but one storeroom had been insured, there could be no doubt of appellee's right to recover for the full damage to this wall; but it does not follow that he can duplicate this recovery from the insurance on the other room. If he rebuilds one or both stores, his loss is fully met in the restoration of the wall. If he does not rebuild either, he is fully indemnified when he receives the full amount of damages sustained by the destruction of that wall.

In Monteleone v. Royal Insurance Co., 47 La. Ann. 1563, 18 So. 472, 56 L. R. A. 794, it was held that upon the destruction of a party wall one owner could recover the entire loss, on the idea that he was subrogated to the rights of the other owner, quoting 2 Woods on Fire Insurance, section 55. In Nelson v. Continental Ins. Co. (C. C. A.) 182 F. 783, 31 L. R. A. (N. S.) 598, it was held that the joint owner of a party wall might recover for his one-half of the value of the wall and for the injury to his easement in the other one-half, notwithstanding the policy limited recovery to one who had sole and unconditional ownership.

In Citizens' Fire Ins. Co. v. Lockridge et al., 132 Ky. 1, 116 S. W. 303, 20 L. R. A. (N. S.) 226, it was held that the owner of a one-half interest in a party wall can recover full value upon its destruction. It is also intimated that an adjoining owner might also recover its full value,

if similarly insured. Appellee relies upon that case as authority in this. Perhaps it was unnecessary in that case for the court to indicate the supposed rights of the adjoining owner in the party wall, as the right of plain-tiff to recover might have been based on the doctrine of subrogation, as it was in the Monteleone case, supra. At any rate, the doctrine there laid down cannot be extended to such an extent as to give a single owner double damages. As the party wall was included in both buildings, it was a part of each and covered by both policies, and, as to it, the policy provisions above set out apply in full force, and it would seem that the prorata of indemnity offered by appellant is the correct basis of apportionment.

Wherefore the judgment is reversed, and cause remanded, with instructions to render judgment for appellee for $747.77.