## INMAN v. STEPHENSON.

No. 23796.   Jan. 29, 1935.

Rehearing Denied Feb. 12, 1935.

Bailey & Hammerly, for plaintiff in error.

Melton & Melton, for defendant in error.

PER CURIAM. The parties will be referred to herein as they appeared in the court below.

The plaintiff, H. A. Stephenson, brought this action against the defendant, William Inman, and another, for the enforcement of an implied contract between the parties relating to a party wall located upon the

property line between lots eleven (11) and twelve (12) in block forty-five (45) in the city of Chickasha, Grady county, Okla.; the plaintiff being the owner of lot eleven (11) and the defendant the owner of lot twelve (12). It appears that prior to 1916 a two-story brick building was erected upon the above lots, and that prior to 1929 there was no party wall or other division of the upper story; that the wall dividing the lower story had been in existence for many years, and that at the front of the building there was a small stairway, one-half of such stairway being located on each property, and as a result the wall did not extend through the space used for the stairway.

The case turns almost entirely upon the testimony of the plaintiff and defendant.

The plaintiff testified that early in 1929, he desired and was ready to raise and extend the wall then existing between the two lower stories, so as to make a complete wall between the two buildings; that he went to the defendant to discuss the matter, and advised him that he was either going to raise the wall so as to include the second story and make it a complete fire wall, or build an entire new wall on his own property; that at first the defendant was not agreeable to the extension and raising of the party wall, but after a discussion of the advantages and benefits to the defendant, the defendant consented that the plaintiff raise the then existing party wall and extend the same both to the front and the rear of the building, and that he, the plaintiff, did, acting upon consent and agreement, raise said wall, extend the same to the front and rear so as to make a complete party wall between the two properties.

The defendant in his testimony admits that he had a conversation with the plaintiff about the extension and raising of the party wall, and admits that he told the plaintiff to make such improvements as he saw fit, but denies that at any time he ever agreed or intended to agree to pay for any portion of the costs of such improvement.

Here is found a marked conflict between the testimony of the plaintiff and the defendant as to the terms of the agreement for the raising and extension of the wall. It is evident that the purpose of the plaintiff in calling upon the defendant was to get an agreement from the defendant to bear a portion of the expense of the improvements he contemplated making on the wall. The plaintiff, acting in accordance with his construction of this conversation and agreement, built to completion a party wall extending entirely between the two buildings.

The defendant admits that he had knowledge of the improvements being made by the plaintiff, and that at no time did he object to such improvements. Other evidence in the case is to the effect that the defendant visited the premises where the improvements were being made while the work was in progress, and it is uncontradicted that since the completion of said party wall, the defendant has used the same to his convenience and benefit.

We find that the lower court was not in error in refusing to give the two requested instructions on behalf of the defendant, as covered by the sixth and seventh assignments of error, for the reason that the instructions given fully and correctly cover the law and the issues involved.

The theories of the parties were squarely and concisely presented to the jury, that of the plaintiff in instruction No. 6 being as follows:

"You are further instructed, gentlemen, that you may find and believe from the evidence that when the plaintiff first talked with the defendant about the erection of said party wall, that the defendant did inform him that he would not bear any of the expense of said wall, still, if you further find and believe from the evidence that after a thorough discussion of erecting separate independent party walls, and the expense incident thereto, the defendant, Inman, in order to be saved the expense of erecting his separate wall, consented that the plaintiff should put the same on the line between them, then in that event the law should be for the plaintiff and you should so find"

—and that of the defendant in instruction No 5, stating that:

"You are further instructed, gentlemen, that the defendant admits that be consented that the plaintiff should build said wall on the line between their lots, but contends that he informed the plaintiff at the time that he would be to no expense whatever by reason thereof, so you are instructed that if you find and believe from the evidence that at the time the plaintiff talked with the defendant, that he informed the plaintiff that he would not share any of the expense of said wall, then in that event the law would be for the defendant and you should so find, even though you may further find and believe from the evidence

550

that he consented to the plaintiff erecting the wall on the line between said lots."

These instructions completely summarize the theories of each of the parties and place the burden on the jury to determine the question as to what was the real conversation, agreement, and understanding between the parties herein prior to the raising and extension of the wall.

The jury found in favor of the plaintiff and fixed the amount of his recovery, and, there being ample evidence to sustain their verdict, we are of the opinion that under the established precedents set by this court, such verdict should not now be disturbed.

Section 5031, Comp. Okla. Stats. of 1921 (sec. 9452, O. S. 1931), defines an "implied contract" as follows:

"An 'implied contract' is one, the existence and terms of which are manifested by conduct."

Applying this section in the present case to the conduct of the defendant, coupled with his use of the improved wall since its erection, and the benefit he has derived from such erection, we are of the opinion that an implied contract was created by the parties hereto; that it has been fully executed, and that the plaintiff is entitled to receive from the defendant contribution for the extension and raising of said wall.

While there is a marked conflict in the decisions of the courts in regard to the right of a party to force contribution from an adjoining property owner for the erection or improvement of a party wall, without an express contract between the parties, we are of the opinion that where a party wall is raised and extended by one lot owner with the express consent of the owner of the adjoining property, who thereafter had knowledge of the improvements being made, who made no objections to such improvements, and who, upon completion of such wall, used all of said wall for his own convenience and to his benefit, the implied contract so created will be considered as fully executed, and such party will be charged with his proportionate share of the cost of such improvement.

In the case of S. B. Spaulding et al. v. A. J. Grundy, 126 Ky. 510, 104 S. W. 293, 13 L. R. A. (N. S.) 149, the syllabus reads as follows:

"Party Wall—Use—Payment. A property owner who utilizes for his own benefit a wall erected by the owner of adjoining property on the division line, must pay a reasonable price for such use, either to the one who erected it, or to a grantee of his rights, although no agreement for payment was made at the time the wall was erected, and the one making use of the wall may have acquired his title to the property after the wall was in existence."

The conclusion of Justice Carroll in the above cause is peculiarly applicable to the present case:

"The conclusion we have reached is not free from doubt, and is contrary to the views held by a respectable number of courts; but we are of the opinion that a person who uses a wall erected on the dividing line by the owner of the adjacent lot should pay a reasonable and fair price for the use thereof, estimated as of the time when the user takes place."

The defendant admits in his testimony that he consented that plaintiff rebuild the wall in controversy, and we are of the opinion that the lower court was correct in refusing to submit the question of damages on defendant's cross-petition to the jury, which cross-petition involved the removal of the stairway.

We find no material error in the instructions of the court, and as the case was fairly presented to the jury on conflicting testimony, the verdict of the jury should not be disturbed, and the judgment for the plaintiff is affirmed.

The Supreme Court acknowledges the aid of Attorneys F. H. McGuire, Fred W. Green, and S. J. Berton in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. McGuire and approved by Mr. Green and Mr. Berton, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.