**CALVERT FIRE INSURANCE COMPANY,**
Appellant,

v.

**A. N. STAFFORD et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 31, 1969.

George C. Perry, III, Paintsville, for appellant.

Jack T. Page, Kelsey E. Friend, Jean L. Auxier, Pikeville, Earl Justice, pro se, for appellees.

FAUST Y. SIMPSON, Special Commissioner.

This is an appeal from a lower court judgment which adjudged the appellant to be liable for the entire loss on a collision insurance policy although the appellee, Charter Oak Fire Insurance Company, also had issued a policy.

The appellee, A. N. Stafford, and his wife, Georgia Stafford, on September 9, 1964, purchased from appellee, Big Sandy Motor Sales, Inc., a 1963 Studebaker automobile, the purchase price for which was to be financed through appellee, Commercial Credit Corporation. At the time the Staffords were the owner of a 1963 Buick and Commercial Credit insisted that the Buick be included as a part of the security in the transaction. The Staffords then executed a bill of sale of the Buick to Big Sandy and Big Sandy made a bill of sale back to the Staffords, and a conditional sales contract was then entered into between Big Sandy and the Staffords which covered both vehicles. This conditional sales contract was simultaneously assigned by Big Sandy to Commercial Credit Corporation.

Also simultaneously with the above transaction, Calvert issued its dual interest insurance policy on the Studebaker automobile which insured the owner and lienee, Commercial Credit, against loss by reason of collision, fire or theft. On October 26, 1964, this policy was cancelled and on October 28, 1964, Calvert issued a single interest policy insuring only the interest of Commercial Credit in the Studebaker. Thereafter, on February 15, 1965, Charter Oak issued its policy insuring the Studebaker against loss by reason of collision, fire and theft in favor of the Staffords, with Commercial Credit named as loss payee. On February 27, 1965, the Stude-

baker was involved in a collision which resulted in a total loss.

■ Neither of the insurance companies would pay the loss and the Staffords defaulted on their installment payments to Commercial Credit. On the 22nd day of March, 1965, Commercial Credit filed an action against the Staffords demanding a judgment on the amount of the note and to subject the Buick automobile to the payment of same. On December 20, 1965, the Staffords filed this action against Charter Oak, Big Sandy Motor Sales, Commercial Credit and Calvert demanding judgment against Charter Oak for its loss by reason of its policy and demanding the other defendants be required to assert what interest or claim they may have against the plaintiffs.

Both insurance companies answered denying liability. Neither Big Sandy nor Commercial Credit answered.

On motion of the Staffords, this action was consolidated with the action of Commercial Credit against them.

The case was submitted to the court on the question of coverage and liability under the two policies. On March 20, 1967, the court rendered its opinion that (1) the Calvert policy was a single interest policy for the benefit of Commercial Credit and that Calvert was liable for the part of the damage to the extent of the interest of Commercial Credit; and (2) that Charter Oak's policy was issued to the Staffords with Commercial Credit as loss payee and that Charter Oak was liable only to the extent of the equity, if any, of the Staffords and was not liable for any part of the loss represented by the lien interest of Commercial Credit.

On April 4, 1967, counsel for the Staffords, Charter Oak, Calvert and Commercial Credit entered into a stipulation that the interest of Commercial Credit in the vehicle concerned was $2,500.00; that the $100.00 deductible provision of the policy would apply regardless of which insurance

carrier was liable and therefore plaintiff would be entitled to recover no more than $2,500.00 from either of the carriers. The stipulation contained this further paragraph:

"This stipulation is entered into in lieu of a trial on value of the motor vehicle, the order of the Court dated 20 March 1967, having decided all other issues between the parties."

A judgment was then entered adjudging the plaintiffs to be entitled to recover of Calvert the sum of $2,500.00, but that such interest being the interest of Commercial Credit as loss payee on the policy and lienholder on the motor vehicle concerned, said sum to be paid by Calvert to Commercial Credit.

This appeal by Calvert from that judgment followed.

The appellees Charter Oak filed a motion in this court to dismiss the appeal on the ground the judgment appealed from is not a final and appealable judgment within the meaning of CR 54. Its contention is that Big Sandy Motor Sales, Inc. was a party to the action brought by the Staffords and the judgment as entered does not adjudicate what interest or claim it may have had under the conditional sales contract referred to, nor does it contain the magic words that "the judgment is final and that there is no just reason for delay."

CR 54.02 provides: "* * * the Court may grant a final judgment upon one or more but less than all of the claims only upon a determination that there is no just reason for delay. The judgment shall recite such determination and shall recite that the judgment is final. In the absence of such recital, any order or other form of decision, however, designated, which adjudicates less than all the claims shall not terminate the action as to any claim and the order or other form of decision is interlocutory and subject to revision at any time before the entry of judgment adjudicating all the claims."

In support of its contention, the appellee cites Peters v. Board of Education of Hardin County, Ky., 378 S.W.2d 638, wherein we said:

"Since this rule is originally designed for a specific purpose, its provisions must be strictly followed to transform any interlocutory order into a final one for the purpose of appeal. In the absence of the recitations required by the rule in the order or judgment, an adjudication of one or more claims, but less than all the claims in an action, will not be entertained on appeal by the Court of Appeals."

Rule 54.02 refers to *claims* (emphasis ours) for relief, whether presented as a claim, counterclaim, cross-claim or third-party claim. The only claims presented by the pleadings in this case is the claim of the Staffords against Charter Oak, and Charter Oak and Calvert's cross-claim against each other. The Staffords made no claim against Big Sandy, nor did any other party to the litigation. By the prayer of their complaint they asked for judgment against Charter Oak and that all other defendants be required to assert what interest or claim they might have against the plaintiffs. No affirmative relief was asked for against Big Sandy, and Big Sandy asked for no relief. In fact, Big Sandy had no interest in the transaction after assigning the conditional sales contract to Commercial Credit. The judgment disposed of all claims against Big Sandy that required adjudicating therefore the judgment in question is final.

We further note that in the trial court's opinion of March 20, 1967, no mention was made of Big Sandy in any manner and the stipulation agreed to by appellees dated April 4, 1967, contained this paragraph:

"This stipulation is entered into in lieu of a trial on the value of the motor vehicle, the order of the Court dated 20 March 1967, having decided all other issues between the parties."

The entire record indicates all the parties considered the only issue in this litigation to be which of the two insurance companies was liable on the policy. This issue was settled by the judgment entered. Appellee's motion to dismiss the appeal is without merit and is overruled.

Calvert contends it is not liable for any part of the loss or in the alternative it is liable only for one-half the loss by reason of the pro-rata provision of both policies.

Except for the pleadings, we do not know what Charter Oak's defense is as it pitched its entire argument in its brief on the motion to dismiss.

■ It is contended by Calvert that its policy insured only the interest of Commercial Credit, and that it is implicit in a policy which purports to insure only the impairment of a lender's interest is the condition that if there is other insurance on this interest then the single interest policy becomes only secondary coverage. The appellant cites no authority for this proposition and no such provision is found in the policy. In fact, the policy provides for a limitation on a pro-rata basis in the event there is other insurance covering the same loss.

■ The appellant further contends it is not liable because of a failure of a condition precedent required by the policy. One of the conditions precedent to liability is that "the purchaser or borrower has defaulted in payment." The borrower was not in default at the time of the loss but became so after both companies refused to pay the loss. Appellant contends the condition precedent in its policy refers to being in default at the time of the loss.

We cannot believe the appellant can be serious in this contention. Under this interpretation it would never be liable on a loss where the borrower was not in default at the time of the loss. We are of the opinion the condition precedent refers to default at the time the claim is made by the insured.

■ Both policies contain almost identical provisions relative to other insurance. These provisions provide in essence for a pro-rata distribution of the loss between the companies in the event there is other insurance. It is a well established rule in this jurisdiction that pro-rata clauses are valid and binding. Sun Insurance Office v. Thomas, 262 Ky. 516, 90 S.W.2d 675; Central States Fire Insurance Co. v. Jenkins, 220 Ky. 566, 295 S.W. 855, 54 A.L.R. 86.

■ For the pro-rata clause to be in effect other insurance must be valid (69 A.L.R.2d 1122) and there is nothing in Charter Oak's policy to indicate anything to the contrary. There is nothing in either policy that prevents other insurance coverage. In fact, it tacitly approves of other insurance by the "other insurance clause" providing for pro-rata payment of any loss.

Since both policies are valid policies, both insure the same interest, and both contain the pro-rata loss provision, we are of the opinion that the Staffords' loss should be borne equally by Charter Oak and Calvert.

The case is affirmed in part and reversed in part for entry of a judgment consistent with this opinion.

All concur.