## France v. Chesapeake & Ohio Railway Company.

(Decided May 12, 1916.)

### Appeal from Rowan Circuit Court.

1. Ejectment.—This action in ejectment to recover possession of land from an adjacent holder, the parties having derived title from a common source, the judgment is affirmed upon the authority of France v. C. & O. Ry. Co., 156 Ky., 126, which involved questions of law and fact substantially the same as are involved upon this appeal.

2. Ejectment—Pleading.—In an action of ejectment, an amended petition setting up adverse possession by the plaintiff of the land in controversy continuously for a period of fifteen years before the commencement of the action, and offered to conform to the proof, was properly rejected because the evidence showed that the use of the land by the plaintiff was permissive only, and not adverse.

3. Railroads—Right of Way—Permissive Use by Public.—The permissive use of a railroad right of way by the public gives to those enjoying such use no legal right to a passway over it.

W. E. PROCTOR and D. B. CAUDILL for appellant.

YOUNG, CLAY & HOGGE, SHELBY, NORTHCUTT & SHELBY, E. HOGGE, JAMES CLAY and WILLIAM CLAY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER.— Affirming.

The appellant, Henry L. France, brought this action in ejectment against the Chesapeake & Ohio Railway Company to recover possession of a strip of ground 26 feet wide and 68 feet long, which he claims lies between his residence and the right of way of the railroad company, in the town of Morehead, Rowan county.

Both parties claim title by deed from John Hargis as their common grantor; the company's deed bearing

date November 11th, 1880, while France's deed is dated May 13th, 1892.

When the company first located its track upon its right-of-way, it was content with a single track; but subsequently it built a double track thereon; and, it is appellant's contention that it then enclosed in its right of way, or changed the location of the right of way, so as to enclose therein the land in question, which belonged to the appellant, and lay immediately between appellant's residence and the track. On the other hand, the company contends that the land in question constitutes a part of its right of way and that appellant and his neighbors had used the right of way for many years while it was occupied by a single track, and, indeed, for so long a time that they concluded they owned it. At any rate, the contest between the parties under the original pleadings was to be determined by the location of the company's right of way.

Subsequently, however, the plaintiff tendered and offered to file an amended petition, setting up adverse possession by him of the land in controversy continuously and for more then fifteen years before the commencement of the action. The circuit court refused to permit the amended petition to be filed, and peremptorily instructed the jury to find for the defendant. France appeals, and for a reversal insists that the court erred (1) in declining to permit him to file the amended petition, and (2) in directing a verdict for the defendant.

Appellant's brother, Luke France, owned a house and lot adjoining the property of the plaintiff, and similarly located with respect to the company's track and right of way. Some years ago Luke France instituted an ejectment suit against the appellee, making the same claim to the property lying in front of his residence and next to the company's track, that the appellant is now making in this action to the land lying in front of his residence and next to the company's track. The two cases are identical in fact, and were practiced precisely alike. In Luke France's case he tendered an amended petition relying upon title by prescription, and the trial court refused to let it be filed and directed the jury to find a verdict for the defendant. Upon an appeal Luke France's case was affirmed. The opinion may be read in 156 Ky. 126.

That opinion discussed the testimony at length, and held that the peremptory instruction was properly given, since the proof conclusively showed that the land in question was within the company's right of way. It was therein further held that the amended petition setting up adverse possession by the plaintiff to the land in controversy continuously for a period of fifteen years before the commencement of the action, and offered to conform to the proof, was properly rejected because the evidence showed that France's use of the land was not adverse to the company, but was with its permission, only. And, it was therein further held that the permissive use of a railroad right of way by the public gives to those enjoying such use no legal right to a passway over it.

The testimony in this case is practically the same as the testimony in Luke France's case, *supra,* unless, indeed, it may be said to be stronger here for the defendant. A majority of the witnesses in Luke France's case, certainly his most important witnesses, testified in this case. And, while the judgment in Luke France's case being between different parties, cannot be invoked as *res judicata,* it is precedent upon all fours for the affirmance of the judgment in this case, because of the identity of the facts and legal questions involved.

In view of the decision of the former case, it would be a useless as well as an unnecessary waste of time to repeat the discussion here.

Judgment affirmed.