## Sim, et al. v. Bishop.

(Decided October 19, 1917.)

Appeal from Livingston Circuit Court.

1. Appeal and Eror—Bill of Exceptions.—Complaint of the verdict of the jury resulting on the trial of an issue out of chancery, will not be considered on appeal, in the absence of a bill of exceptions containing the evidence introduced on the trial of the issue.

2. Judgment—Estoppel by Judgment.—To constitute a judgment, an estoppel, there must be an identity of parties, as well as the subject matter; that is, it is necessary that the parties as between whom the judgment is claimed to be an estoppel must have been parties to the action in which it was rendered, in the same capacities and in the same antagonistic relation, or else they must be in privity with the parties in such former action.

3. Judgment—Liens—Parties.—Persons having liens upon or claims to property which is the subject matter of an action, or rights of action against one or more of the parties thereto, are not bound by the judgment if they were not made parties to the suit, although their claims were brought into issue in such action or although their rights depend upon the same transaction or facts which were litigated or decided in that action.

4. Estoppel—Estoppel by Judgment.—It is a rule that estoppels must be mutual; and, therefore, a party will not be concluded, against his contention, by a former judgment, unless he could have used it as a protection, or as a foundation of his claim, had the judgment been the other way; and conversely, no person can claim the benefit of a judgment as an estoppel upon his adversary unless he would have been prejudiced by a contrary decision of the case.

5. Continuance—Continuance at Appearance Term.—Under sections 366 and 367a, Civil Code, the plaintiff in an equitable action is entitled to a submission and trial at the appearance term in two states of case: (1) If no pleading is filed by defendant raising an issue of fact; (2) if the plaintiff consent of record that the statements of the answer, if one be filed, may be taken as true. Where neither state of case indicated exists, the defendant upon filing his answer at the appearance term, is entitled to a continuance for the purpose of taking proof in the form of depositions, and the refusal to him of such continuance by the court will constitute reversible error.

WILSON & WELLS for appellants.

CHARLES FERGUSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Affirming in part and reversing in part.

This action was brought in the Livingston circuit court by the appellee, J. S. Bishop, against E. T. Kearsey,

and the appellants, W. H. Sim and Catherine J. Sim, to recover of Kearsey and W. H. Sim a balance of $88.00 and interest, alleged to be owing by them upon a note executed to appellee August 28, 1912; also to set aside a deed of April 9, 1913, from W. H. Sim to his wife, Catherine J. Sim, whereby he conveyed to her a valuable tract of land in Livingston county; and to subject the land to the payment of the appellee's debt; it being alleged in the petition that the conveyance was without consideration, fraudulent as to the husband's creditors, and therefore void. Sim and wife are non-residents of this state and at the time of filing the petition appellee caused to be issued an attachment against the property of W. H. Sim, which was duly levied upon the land in question. A warning order was also taken against the non-residents and an attorney appointed to defend for them. No report or other service was rendered or required of the attorney for the non-residents, as the latter at the appearance term of the Livingston circuit court entered their appearance to the action by filing a joint and separate answer to the petition. The first paragraph of the answer contains a plea of *non est factum* on the part of the appellant, W. H. Sim; it being, in substance, alleged therein that the name appearing to the note sued on was W. H. Sim and not that of the appellant; that he (W. H. Sim) did not sign the note either as principal or surety, or in writing or otherwise authorize his name to be placed thereon by another; and that the note was never seen by him until the institution of the action. The remainder of the answer is made up of joint and several denials upon the part of the appellants, W. H. Sim and Catherine J. Sim, of the allegations of the petition charging fraud in the conveyance from the former to the latter, and of the grounds upon which the attachment of appellee was obtained. Appellee filed a reply controverting the affirmative matter of the answer and also a demurrer to so much thereof as denied the fraud in the conveyance from W. H. Sim to Catherine J. Sim.

The reply also contains pleas of *res judicata* and estoppel; both pleas being rested upon the alleged facts that in previous actions instituted in the Livingston circuit court, one in which the Citizens' Bank was plaintiff, and E. T. Kearsey and W. H. Sim and Catherine J. Sim were defendants, and another in which Albert Likens and others were plaintiffs and E. T. Kearsey, W. H. Sim and Catherine J. Sim were defendants, the deed from W.

H. Sim to Catherine J. Sim, following the consolidation of these cases for hearing, was, by a judgment of the court duly rendered and entered, declared to be fradulent and void as to the creditors of the former and the land conveyed held to be subject to his debts; which judgment, it is alleged, bars and estops the appellants, W. H. Sim and Catherine J. Sim, to again litigate in this case the question whether the deed referred to is or not fraudulent and void as to the creditors of the former. The appellants, W. H. Sim and Catherine J. Sim, filed a demurrer to so much of the reply as sets up and relies upon the pleas of *res judicata* and estoppel, and, without waiving the same, filed a rejoinder controverting the affirmative matter of the reply.

Before any action was taken by the circuit court upon the demurrer an order was entered by agreement of the parties requiring a trial by jury, as an issue out of chancery, of the questions of fact raised by the appellant's (W. H. Sim) plea of *non est factum;* and, following the introduction of the evidence of both parties, the court peremptorily instructed the jury to return in appellee's behalf, and against the appellant, W. H. Sim, a verdict for the $88.00 and interest claimed by him, which was done accordingly. After the return of the verdict the cause, over the objection of the appellants, was submitted for final determination and judgment; and by the judgment rendered, the court sustained appellee's demurrer to that part of the appellants' answer denying the alleged fraud in the conveyance made to the wife by the husband, overruled the demurrer filed by appellants to the paragraph of appellee's reply containing the pleas of *res judicata* and estoppel; and, in addition, sustained appellee's grounds of attachment and directed a sale of the land conveyed by the deed from W. H. Sim to Catherine J. Sim, or enough thereof, to pay appellee's debt, interest and cost. Appellants complain of that judgment. Hence this appeal.

Notwithstanding the smallness of the amount in controversy, as the title of the land sought to be subjected to the appellee's debt is involved, we must take jurisdiction of the appeal. We are unable, however, to sustain appellants' complaint that the verdict of the jury, making the appellant, W. H. Sim, liable for the amount due on the note in suit, is unsupported by or flagrantly against the evidence. The evidence introduced upon the issue made by his plea of *non est factum* is not in the

record, and in the absence of a bill of exceptions containing it, we must assume that it authorized and fully supported the verdict. Where a case is brought to the Court of Appeals without a bill of exceptions, the court will review only the sufficiency of the pleadings to determine whether they will support the verdict. Clark v. Wallace Oil Co., 155 Ky. 836; Tyler v. Woerner, 158 Ky. 710; Graves' Committee v. Lyons, 166 Ky. 446.

Appellants' complaint of the action of the circuit court in sustaining the demurrer to that part of their answer which denies the averments of the petition charging fraud in the conveyance from W. H. Sim to Catherine J. Sim, and likewise of the action of that court in overruling their demurrer to the second paragraph of appellee's reply, is, we think, well founded. These rulings of the court were based on the theory that as the judgment in the consolidated actions of the Citizens Bank, and of Likens against appellants declared fraudulent, as to W. H. Sim's creditors in those cases, the deed executed by him to his wife, the rights of the appellants were concluded by that judgment, and that by reason thereof, they were estopped in this action, subsequently brought by appellee, another creditor of W. H. Sim, to deny the fraud in the conveyance. No doctrine is better settled than that a judgment between different parties, involving the same state of facts, is not *res judicata*. Our meaning will be better explained by the following statement of the law contained in 23 Cyc. 1237:

"Persons Concluded by Judgments. . . . To constitute a judgment an estoppel, there must be an identity of parties as well as of the subject matter; that is, it is necessary that the parties as between whom the judgment is claimed to be an estoppel must have been parties to the action in which it was rendered, in the same capacities and in the same antagonistic relation or else they must be in privity with the parties in such former action. . . . Persons having liens upon or claims to property which is the subject matter of an action, or rights of action against one or more of the parties thereto, are not bound by the judgment if they were not made parties to the suit, although their claims were brought into issue in such action, or although their rights depend upon the same transaction or facts which were litigated or decided in that action."

Again, on page 1238 of the same volume, it is said: ·

"It is a rule that estoppels must be mutual; and, therefore, a party will not be concluded, against his contention, by a former judgment, unless he could have used it as a protection, or as the foundation of his claim, had the judgment been the other way; and conversely no person can claim the benefit of a judgment as an estoppel upon his adversary unless he would have been prejudiced by a contrary decision of the case."

The principles controlling this question, thus well stated in Cyc., have been so long recognized and repeatedly declared in this jurisdiction, that we deem it unnecessary to do more than cite a few of the numerous cases announcing them. Childs v. Conley, 2 Dana 21; Sutor v. Miles, 2 B. Mon. 489; Darland v. Governor, 2 Bibb 541; Bridges v. McAlester, 106 Ky. 191; Grundy v. Dry, 20 R. 1337; Duff v. Cornett, 26 R. 935; France v. C. & O. Ry. Co., 170 Ky. 188; Houston v. Commonwealth, 169 Ky. 445; Mills v. Lantrip, 170 Ky. 81.

The appellee, Bishop, was not a party to either of the consolidated actions in which the judgment, relied on in the second paragraph of his reply as an estoppel to the defense contained in the last paragraph of appellants' answer, was rendered. Appellee's contention is not aided by the fact that his debt against the appellant,. W. H. Sim, was an existing demand at the time of the execution of the deed by the latter to his wife, or that it is of like character with those asserted by his creditors in the two previous actions in which the judgment subjecting the land to their payment, was rendered. It did not necessarily follow that because in those actions the deed in question was held to be fraudulent as to the debts of the creditors therein, it is also fraudulent as to the debt of appellee, for there might be some fact or circumstance in his relations with the appellants or to the conveyance, that would preclude him from attacking it.

It is patent that the alleged estoppel is wholly lacking in mutuality. If the former judgment had determined that the deed from the appellant, W. H. Sim, to his wife was not fraudulent, could the judgment have been pleaded by appellants as an estoppel against appellee's right to attack it in this action as fraudulent? Manifestly, it could not be relied on by appellants as an estoppel, because appellee was not a party to either of the consolidated actions in which the judgment was ren-

dered. If, therefore, appellee, in such state of case, would not be estopped by the judgment to attack the conveyance, it is equally true that it cannot be relied upon by him as an estoppel to the right of appellants to show that the conveyance was not fraudulent as to his debt.

It is, therefore, our conclusion that both in the matter of sustaining the demurrer of appellee to the second paragraph of appellants' answer, and in overruling the demurrer of the latter to the last paragraph of appellee's reply, the circuit court erred to the prejudice of appellants.

Under sections 366 and 367a, Civil Code, appellants were entitled to the continuance asked. The plaintiff in an equitable action is entitled to a submission and trial at the appearance term in only two states of case: (1) If no pleading is filed by defendant raising an issue of fact. (2) If the plaintiff consent of record that the statements of the answer, if one be filed, may be taken as true. Neither state of case that would have authorized the trial at the appearance term of the court existed here. Some of the pleadings necessary to make up the equitable issues in the case were not filed until after the trial of the issue out of chancery, resulting in the verdict against the appellant, W. H. Sim, for the amount due on the note. As it was necessary for appellee to take proof to sustain the allegations of the petition charging fraud in the conveyance that passed between the appellants, the latter were entitled to also take proof upon that issue; and as in an equitable action proof must be taken in the form of depositions, the continuance was necessary for the taking of such depositions.

So much of the judgment as allowed appellee the recovery against the appellant, W. H. Sim, of the $88.00 due on the note and interest awarded him by the jury, is affirmed, but in all other respects the judgment is reversed, and cause remanded to the circuit court with directions to set aside the remainder of the judgment, overrule appellee's demurrer to the defendants' answer and sustain appellants' demurrer to the last paragraph of appellee's reply; and the court will allow the taking of proof by the parties, if desired, before trial of the equitable issues in the case.