## Wolff et al. v. Niagara Fire Insurance Company et al.

(Decided May 6, 1930.)

HUBBARD & HUBBARD for appellants.

FRANK M. DRAKE and WOODWARD, HAMILTON & HOBSON for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Affirming.

The appellants, H. C. Wolff and R. C. Wolff, doing business as Ralph Wolff & Sons, prior to December, 1924, were engaged in the manufacture and sale of candy. During the night of the 11th of that month their stock, machinery, and fixtures were partially destroyed by fire, which it is conceded was of incendiary origin. It is vigorously denied, however, that the appellants were guilty of the crime, although they were convicted of burning the storehouse and sentenced to serve one year in the penitentiary. See Wolff v. Commonwealth, 214 Ky. 544, 283 S. W. 385, to which reference is made for a statement of the facts as to the fire.

While the evidence produced in these suits to recover on certain insurance policies is perhaps more favorable to the parties than that heard on their prosecution, the issue as to their having burned the property or caused the loss is not before the court on this appeal, for the jury returned a verdict in their favor on that issue, and the insurance companies are not appealing.

The contents of the building were covered by twelve policies for a total sum of $19,500, but only nine of these policies, aggregating $11,500, are involved here. The verdict in the consolidated case was for $2,500, and from the judgments entered thereon the insured prosecute these appeals.

There was a sharp conflict in the evidence as to the extent and value of the insured property. The owners were promptly accused of having caused the fire, and were directed by representatives of the state fire marshal's office and a salvaging or adjustment concern not to disturb the damaged property until after an inventory could be taken. This was done not long afterward, and the parties undertook to separate the damaged from the undamaged stock, and then hauled away the worthless debris. However, the owners say they were directed after the inventory was taken not to bother anything

else, while the representatives mentioned above say that the Wolffs would not let them into the building under directions of their lawyers, according to their statements. At any rate, the machinery and fixtures were not salvaged or sold until some time in August following. It seems to us from all the evidence that after the inventory was taken no one in authority undertook to interfere with the owners in respect to the burned property, and they let it remain as it was.

The court instructed the jury to find for the plaintiffs, unless they should believe from the evidence that the fire was caused by their deliberate, willful, or intentional act. If they should find for the plaintiffs, their award should be the sum fixed in the policies provided the jury believed the loss and damage by reason of fire and water aggregated the sum of all the policies, to wit, $19,500, based upon the reasonable market value of the property at the time of the fire. If the loss and damage was less than the aggregate market value, then they were instructed to find for the plaintiffs in such a sum less than that total as the whole loss should bear to the total amount of the insurance on the property. A further instruction was given to the effect that the plaintiffs were not entitled to recover the difference in value of the property at the time of the fire and at the time of the resale of the fixtures in August, 1925; that it was the duty of plaintiffs to minimize the loss, if any, resulting from the fire, and to care for and protect the property after the fire from further loss by all reasonable means; and, if the jury believed that they failed to do so, and by reason of the failure, if any there was, further depreciation occurred between the time of the fire and the time of the resale, such further depreciation could not be charged against the defendants.

The principal citations of error are that the instruction last referred to was erroneous and that the court erred in not giving an instruction offered by the plaintiffs to the effect that, if the jury should believe that an agent or representative of the insurance companies, after the fire, instructed the plaintiffs not to interfere with the burned property, then the plaintiffs were within their rights and it was proper for them not to disturb or interfere with it or attempt to dispose of same until ordered to do so by the companies, even though the jury believed that the plaintiffs failed in any way to protect the prop-

erty after the fire. We think the offered instruction was properly refused because there was no evidence warranting it.

It is pretty well established that the owners did take charge of the property after the inventory was made, for they had the worthless debris hauled away, and within a few days of the fire were trying to sell the machinery and fixtures, although they did not do so until seven or eight months thereafter. The loss and damage covered by the policies was that which was sustained at the time by reason of fire and water. That which was sustained by reason of neglect of the damaged property over a period of months thereafter was not covered by the policies. No pleading of this negative proposition was necessary to have authorized this instruction as appellants contend. Indeed the instruction in its essence was but to guide the jury to a decision based wholly upon the loss and damage sustained by reason of the fire, and not by reason of any depreciation in the value of the salvage or residue. It might well have been omitted altogether, for the jury had already been instructed that the loss was the market value of the property destroyed and damaged at the time of the fire. Compare Conn v. Lexington Utilities Co., 233 Ky. 230, 25 S. W. (2d) 370.

We may pass over the complaints that the court erred in respect to the admission and rejection of evidence and in failing to discharge the jury because of improper conduct of counsel for the defendant, with the observation that such errors, if any there were (except in one immaterial respect), related to the issue as to the cause of this fire, which issue was decided in favor of the appellants.

The verdict returned on May 21, 1928, was in these words: "We the undersigned jurors find for the plaintiff to cover the amount of loss and damage by fire and water for the sum of $2,500.00." Judgment was then entered against the defendants for $2,500, but the orders, including this judgment, were not signed by the judge until November 13, following, when they were signed nunc pro tunc as of May 21st, "subject to correction of any clerical misprision in the judgment." Before this was done, the defendants had entered a motion to correct the judgment in order to have it express the intention of the verdict, that is, that the plaintiffs had suffered a total loss of $2,500, which, being less than the total insurance on the property, to wit, $19,500, should have been appor-

tioned by the judgment against the defendants in the proportion which the amount of their policies bore to the total insurance; that is, since their insurance was $^{14500}/_{19500}$ of the whole amount carried on the property, the award against them should be $^{14500}/_{19500}$ of the $2,500 loss sustained or a judgment for $1,858.90. This motion was sustained, and the judgment corrected accordingly, to which the plaintiffs excepted.

It is a familiar rule that an order of court does not become final until signed by the judge. Hence no serious question can be made of the court's power to change the judgment if the circumstances authorized it. Not only does the verdict itself state the entire loss sustained to be $2,500, but it was also made to appear through inquiry of the jury immediately upon its return of the verdict into court. Under the law, as was properly submitted in an instruction offered by the plaintiffs, the jury should have made the finding or calculation. Not having done so, but having expressed itself clearly as to its purpose and finding, there was no impropriety in the court entering the judgment in conformity with the jury's intention and verdict.

No prejudicial error in the trial being presented, the court affirms the judgment.