## Montgomery v. Taylor-Green Gas Co., Inc.
## Indiana Lumbermen's Mut. Ins. Co. v. Same.
## Corbin v. Same.

December 19, 1947.

W. H. Spragens, Judge.

Abel Harding, Vernon Shuffett and G. J. Rice for appellant.

Fred Faulkner and George O. Bertram for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS— Affirming.

These three cases were tried together and by agreement have been consolidated on appeal and this opinion will dispose of all of them. They arose out of the same explosion which resulted in the case of Taylor-Green Gas Company v. Newcomb, 302 Ky. 564, 195 S. W. 2d 307. The facts are fully stated in the Newcomb opinion and we will not repeat them here. However, it will be necessary to make some slight reference to the evidence in this opinion where it differs from that heard on the trial of the Newcomb case. Taylor-Green Gas Company will be referred to hereinafter as the Company.

Newcomb recovered judgment against the Company for $13,675 for personal injuries, which we affirmed in 302 Ky. 564, 195 S. W. 2d 307. Previous to the three instant cases coming on for trial, appellants filed replies averring that the issue in the Newcomb case was whether or not the explosion was caused by the Company's negligence in so installing a meter that gas leaked therefrom in such quantities that it ignited and exploded; that the jury in the Newcomb case found the explosion resulted from such negligence on the part of the Company and the judgment entered on that verdict was affirmed in 302 Ky. 564, 195 S. W. 2d 307; that appellants' claims for damages arose out of this same explosion and the question of the negligence of the Company is now res judicata and it is estopped to deny its negligence.

The trial judge sustained general demurrers to these pleas of res judicata and the correctness of that ruling is in reality the only question presented on these appeals, although it is briefed from several different angles.

The evidence introduced on the trial of the three instant cases appears to be stronger in favor of the Company than that heard on the trial of the Newcomb case in that several witnesses testified they saw the meter tested after the explosion, which test showed it did not leak. Several other witnesses testified that after the explosion a piece of the gas pipe belonging to Montgomery, the owner of the building, was removed from under the floor of the structure and it was old, full of holes and was in a dangerous condition.

It is not difficult to conceive how this evidence could influence the jury to tip the scales in favor of the Company and return a different verdict from that found in the Newcomb case. Be that as it may, the rule is that a judgment may not successfully be pleaded as res judicata, or as an estoppel where there is no identity, or at least privity, of parties in the same antagonistic relation. An estoppel must be mutual and cannot apply as against a stranger to a judgment, since one's rights cannot be determined without an opportunity to present his side of the controversy. Sim v. Bishop, 177 Ky. 279, 197 S. W. 625. The opinion of the trial judge, Hon. W. H. Spragens, of the Eleventh District, is so comprehensive and clear that instead of discussing the question further we will adopt what he wrote.

"The grounds for a new trial in this case include the insistence by plaintiffs' counsel that they were entitled to the application of the doctrine of res judicata by reason of the judgment in the Newcomb case, 302 Ky. 564, 195 S. W. 2d 307, for personal injuries received as the result of the explosion in question here. This insistence is based on the opinion in Blue Valley Creamery Co. v. Cronimus, 270 Ky. 496, 110 S. W. 2d 286. While I am not disposed to criticize that opinion, I am not inclined to extend the principle announced there to the facts of this case.

"The opinion in the Cronimus case, as well as the opinion in the later case of Sherwood v. Huber & Huber

Motor Co., 286 Ky. 775, 151 S. W. 2d 1007, 135 A. L. R. 263, recognizes the requirement of identity of parties as well as subject matter and mutuality of estoppel by the judgment. The Cronimus case holds that the requirement as to identity of parties may be extended to include persons in privity with the actual parties under certain conditions. There can be no reasonable contention that Raymond Corbin was in privity with Newcomb. I am unable to find anything in the reply and pleas of res judicata showing such relationship between the other plaintiffs and Newcomb. I think it is necessary for both the pleadings and proof to disclose this, but if it is sufficient to establish it by evidence alone, I am unable to find anything in the proof that would have warranted holding that the question of liability here was res judicata.

"In my opinion the evidence did not disclose that the relationship between Montgomery and Newcomb was that of Master and Servant, or that it was even that of Principal and Agent, but it indicates that Newcomb was an independent contractor. Montgomery would certainly have been justified in denying liability had Newcomb been guilty of some act of negligence that caused the explosion. The situation is far different from that in the Cronimus case. The requirements therein set out, where there was no question that the relationship was that of Master and Servant, included the requirement that the negligence relied on to sustain or defeat a recovery in a case to which the Master was a party must be purely derivative and 'dependent entirely on the principle of respondeat superior' (270 Ky. 496, 110 S. W. 2d 290). One of the principle grounds of negligence relied upon here against Montgomery was that he, with knowledge and notice of the condition, permitted and ordered the installation of the meter and its connection with rotten and rusted pipes which the jury may have found to be too weak or defective to have withstood the strain of the installation of the meter. Certainly this negligence, if it was such, was not dependent upon the principle of 'respondeat superior.' I think that the required 'privity' which the court found to exist in the Cronimus case is lacking here. As said in 30 Am. Jur. p. 954: 'The rule denying the right to apply the doctrine of res judicata as against strangers

to a judgment is based upon obvious principles of justice. The reason for the rule is that a stranger to an action does not have the opportunity, vouchsafed to parties, to prove or ascertain the truth of the questions in issue, and the principle that no man's right should be prejudiced without an opportunity of defending it.'

"While it may be said that this statement would be in point if raised in behalf of plaintiffs rather than defendant, the opinion in the Cronimus case recognizes the rule that the estoppel must be mutual. As said in the syllabus to Wolff & Sons v. New Zealand Ins. Co., 248 Ky. 304, 58 S. W. 2d 623, 'estoppel under res judicata doctrine must bind both parties.' In 30 Am. Jur., pp. 957-959, is found this statement: 'There is no generally prevailing definition of privity which can be automatically applied to all cases involving the doctrine of res judicata. Who are privies requires careful examination into the circumstances of each case. * * * Privity is not established, however, from the mere fact that persons may happen to be interested in the same question or in proving the same state of facts, or because the question litigated was one which might affect such other person's liability as a judicial precedent in a subsequent action.'

"A rather full discussion of some of the requirements for the application of the doctrine of res judicata may be found in Wolff (& Sons) v. New Zealand (Ins. Co.) mentioned above.

"As a practical matter, the injustice of applying the doctrine of res judicata to this case is illustrated by the several cases growing out of this explosion. A number of them were suits for personal injuries. The Newcomb case was one of these. The defendant carried liability insurance which covered personal injuries but not property damage. The Newcomb case was defended by the insurance carrier and defendant could not control the conduct of that case and I think the court should be slow to hold the defendant is concluded by the judgment in a case, the defense of which it was not in a position to control. On the other hand, if the judgment in the case tried had gone against Newcomb, I think it should not have precluded these plaintiffs here from prosecuting their actions, since they were not parties

to and could not control the conduct of the Newcomb case. The rule should work both ways and so far as I have found the courts agree that the estoppel must be mutual. A party should not be permitted to claim the right to assert in his favor estoppel by a judgment in a suit, if an unfavorable judgment in the same suit could not have been asserted as an estoppel against him."

For the reasons given, the judgments are affirmed.