# Ball v. Benjamin (Two Cases).

October 10, 1950.

Wm. H. Field, Judge.

C. C. Cuzzort, and Booth & Booth for appellants.

Harry L. Hargadon for appellee.

JUDGE HELM—Reversing.

On October 13, 1946, Orel Ball, 17 years of age, was driving his father's (Wilbur L. Ball) Chevrolet automobile south on the right side of Taylor Boulevard, and appellee, F. H. Benjamin, was driving his car west on Central Avenue in Louisville. Benjamin's wife was riding with him, and appellants Bettye Eunice Ball and Flonnye Annette Ball, daughters of Wilbur Ball, were riding with their brother, Orel Ball. The cars collided at the intersection. The following day Wilbur L. Ball filed action No. 297893 in the Jefferson Circuit Court against Benjamin for damages to the Ball car; Benjamin counterclaimed for the damages to his car. Later, Mrs. Benjamin filed action No. 299098 against Ball for damages because of her injuries.

At a trial the cases were consolidated and Benja-

min and his wife each recovered judgment against Wilbur L. Ball. Later, appellants Bettye Eunice Ball and Flonnye Annette Ball filed actions Nos. 304303 and 304304, respectively, seeking to recover for injuries alleged to have been sustained by them in the collision. Appellee filed pleas in abatement to the actions of appellants, requesting that the actions be abated "for the reason that the subject matter thereof has been adjudicated in actions Nos. 297893 and 299098," which were made a part of the record in these cases, and "by the verdict returned in the above cases the defendant F. H. Benjamin was found to be free of any negligence and for the further reason that * * * Wilbur L. Ball was found to have been negligent."

Each appellant filed a reply denying that the subject matter in the case at bar had been adjudicated in the former actions numbered 297893 and 299098, and setting out that the appellant was not a party to the two suits, or either of them, nor privy thereto, nor a witness therein, nor a principal or agent of the parties in those suits, or either of them, and that appellant had no interest whatever in the subject matter of that litigation, or either of the causes of action, defense or issues asserted, involved or adjudicated therein.

The lower court, in an opinion referring to the former cases, said:

"By the first instruction, the court submitted to the jury a question as to whether or not Benjamin, driving his own car, was negligent.

"By the second instruction, the court submitted to the jury the question as to whether or not Orel Ball, driving his father's car, was negligent.

"By the third instruction, the court submitted to the jury the question as to whether or not both drivers were negligent.

"By the fourth instruction, the court submitted to the jury as to whether or not Orel Ball, driving his father's car, was negligent and whether such negligence caused or contributed to cause the injury to Leona Benjamin.

"By the fifth instruction, the court submitted to the jury the question as to whether or not F. H. Benjamin, in whose car his wife was riding, was negligent

and whether or not his negligence, if any, caused or contributed to cause the collision and whether or not such negligence on his part, if any, was the sole cause of the collision and injuries to her.''

Continuing, the court said: ''Analysis of the instructions and the resulting verdicts demonstrates, I think, that those verdicts meant that F. H. Benjamin, driving his own car, was not negligent, but that Orel Ball, driving his father's car, was negligent. Those verdicts could not have been reached under any other interpretation of the instructions. It is my opinion, therefore, that the principle of res judicata applies as against the claims of the two young ladies in the present suit. They were riding in the car of Wilbur Ball driven by Orel Ball, and the question as to whether F. H. Benjamin was negligent and caused or contributed to cause the collision was submitted to the jury and decided in my judgment against the notion of negligence on his part. If F. H. Benjamin had been negligent and had contributed with the negligence of Orel Ball to produce the collision, then Benjamin could not have recovered as against Ball. Under the instructions, Leona Benjamin could not have recovered, as she did, against Ball unless Ball had been negligent and his negligence had been the sole cause of the collision and her injuries.''

Concluding, the court said: ''It is my judgment that upon careful analysis of the instructions, and the resulting verdicts, the principle res judicata applies and prevents prosecution of the present cases by the two young ladies who were riding in the car driven by Orel Ball.''

The trial court sustained the so-called pleas in abatement and dismissed appellants' actions. They appeal, maintaining that: (1) The doctrine of res judicata is not applicable to the suits of these two infant appellants because they were not parties to the former suits, or their privies, and (2) the negligence, if any, of the father and the brother of these infant appellants, owner and driver of the automobile, who were parties to the former suits, cannot be imputed to the infants riding in their automobile.

Both appellants and appellee cite Blue Valley Creamery Co. v. Cronimus, 270 Ky. 496, 110 S.W.2d

286, 290. There it appears that two actions had been filed, tried and determined; a suit by Bohn, agent and operator of the truck of Cronimus, against Blue Valley Creamery Company for personal injuries, and a suit by Eastin, a rider in the Cronimus truck, against the creamery company for personal injuries, each plaintiff claiming that his injuries had been caused by the negligence of Jenkins, the driver of the creamery company. The two suits were tried together, resulting in a judgment in favor of both Bohn and Eastin, based on the verdict of the jury that Jenkins, agent of the creamery company, was negligent. Later, the creamery company sued Cronimus for the cost of repairs and loss of use of his truck. Cronimus counterclaimed for damages to his truck. In that action the court held that the responsibility for the collision had been determined in the two previous suits. There we said: "* * * The defendant, Cronimus, in this case was represented by his servant or operator of his truck, and he is by that agency-privity. The estoppel worked by the judgment operates the same on both parties. There is then as between the case tried and this case identity of subject-matter of parties by privity and the estoppel is mutual. In the instant case, the relationship of master and servant of the operators of the two trucks at the time of the collision is conceded. Each servant was acting under the authority and in the interest of his principal or master. The judgment, therefore, in the Bohn-Eastin case against the creamery company would and did preclude the plaintiff here from seeking judgment against Cronimus in this section, who was represented by his agent in that case."

But, in Montgomery v. Taylor-Green Gas Co., 306 Ky. 256, 206 S.W.2d 919, 920, we held that a judgment may not be pleaded successfully as res judicata, or as an estoppel, where there is no identity, or privity, of parties in the same antagonistic relation. In that case we said: "* * * the rule is that a judgment may not successfully be pleaded as res judicata, or as an estoppel where there is no identity, or at least privity, of parties in the same antagonistic relation. An estoppel must be mutual and cannot apply as against a stranger to a judgment, since one's rights cannot be determined without an opportunity to present his side of the controversy."

Here, it appears that the infant appellants were not parties to the two previous suits, or either of them, or witnesses therein, or principals or agents of the parties to those suits, or either of them; that they had no interest of any kind in the subject matter of those actions, or in any of the defenses or issues asserted, involved or adjudicated therein. That being true, they cannot be said to be in privity with the parties thereto. It follows that the doctrine of res judicata or estoppel does not apply to them. It is our opinion that the pleas in abatement should not have been sustained. Other questions are reserved.

The judgment is reversed for proceedings not inconsistent with this opinion.