**Lelia HACKLER, Gotha Hackler, Plaintiffs-Appellants,**

v.

**INDIANAPOLIS & SOUTHEASTERN TRAILWAYS, INC., and James Wallace, Defendants-Appellees.**

**No. 20411.**

United States Court of Appeals, Sixth Circuit.

Decided and Filed Feb. 1, 1971.

Robert L. Milby, London, Ky. (C. B. Upton, Williamsburg, Ky., Hamm, Taylor, Milby & Farmer, London, Ky., on the brief), for appellants.

Roy E. Tooms, London, Ky., (Brown & Tooms, London, Ky., on the brief), for appellee.

Before EDWARDS, PECK and McCREE, Circuit Judges.

McCREE, Circuit Judge.

This appeal presents the question whether a federal court to which a cause has been removed because of diversity of citizenship should apply the doctrine of collateral estoppel by judgment when that principle would not have been employed by the state court in which the action was commenced. We hold that the District Court correctly decided that it should not.

The case arose out of a bus accident on July 11, 1965, in Laurel County, Kentucky. Appellants, who were passengers in the bus, brought an action for damages against the bus company and its driver in the Laurel Circuit Court for injuries suffered in the accident. Appellees removed the case to the United States District Court for the Eastern District of Kentucky. Before the trial commenced, two other passengers, Marie Blankenship, individually, and as statutory guardian for Robert Lee Blankenship, brought suit in the Laurel Circuit Court against the same defendants and the driver of a vehicle with which the bus collided, and obtained a jury verdict and judgment for their damages. The jury awarded Mrs. Blankenship $30,000 against the driver of the other vehicle and $25,000 against the bus company and its driver. Her son was awarded $1,000 against each defendant. Appellants, relying upon this judgment, thereupon moved the District Court for summary judgment against appellees on the issue of liability. The motion was denied and the case proceeded to trial on January 15, 1969. Following a jury verdict and entry of judgment for appellees on January 17, appellants moved on January 24 for judgment notwithstanding the verdict and for a new trial on the grounds that summary judgment should have been granted upon plaintiffs' earlier motion. On March 14, 1969, the Laurel Circuit Court judgment in favor of the Blankenships was affirmed by the Kentucky Court of Appeals, and appellants, on March 24, filed supplemental motions for judgment notwithstanding the verdict and for a new trial, based on the Laurel Circuit Court judgment and the opinion of the Court of Appeals. On January 13, 1970, the District Court en-

tered an order overruling appellants' motions and supplemental motions.

Appellants contend that the Blankenships' Laurel Circuit Court judgment against appellees conclusively determined for this litigation appellees' liability to appellants for their damages sustained in the accident. We disagree.

Our first inquiry is whether federal or state law determines the applicability of the doctrine of collateral estoppel in a diversity case. That state law must be applied was clearly determined by our decision in Mackris v. Murray, 397 F.2d 74 (6th Cir. 1968), in which we applied Michigan law and held that the defendant was not collaterally estopped from denying liability. Accordingly, here we must look to Kentucky law to determine whether appellants can successfully rely upon collateral estoppel. It is clear that they cannot.

Kentucky courts have consistently refused to apply this doctrine in cases, such as this one, in which the party seeking to rely upon the doctrine was neither a party, nor in privity with a party to the earlier suit.

> A judgment to be relied upon as an estoppel must be mutual. In other words, no party is, as a general rule, bound in a subsequent proceeding by a judgment, unless the adverse party, now seeking to secure the benefit of the former adjudication, would have been prejudiced by it, had it been determined the other way.

Blue Valley Creamery Co. v. Cronimus, 270 Ky. 496, 110 S.W.2d 286, 289 (1937); *accord*, Sachs v. State Mutual Life Assur. Co. of Worcester, Mass., 82 F.Supp. 479, 483 (W.D.Ky.1949); Montgomery v. Taylor-Green Gas Co., 306 Ky. 256, 206 S.W.2d 919, 920 (1947); Creech v. Jackson, 375 S.W.2d 679, 682 (Ky.1964). Whether we might, in the absence of clear precedent, reach a different result by applying the principles enunciated in Bernhard v. Bank of America Nat'l Trust and Sav. Ass'n, 19 Cal.2d 807, 122 P.2d 892 (1942), and its progeny is a question which we need not face.

 After entry of judgment on the verdict adverse to them, and after this appeal had been noticed, appellants filed a petition to remand this case to the state court on the grounds that appellees' removal petition was defective because it failed to state that the bus company is not incorporated in Kentucky. That petition, however, established diversity of citizenship of the parties and, since the District Court had jurisdiction on that basis, appellants, who went to trial on the merits without asking for a remand, will not now be heard to question the sufficiency of the removal petition. *See* Bailey v. Texas Co., 47 F.2d 153, 155 (2d Cir. 1931); *cf*. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 16–17, 71 S.Ct. 534, 95 L.Ed. 702 (1950); Craig v. Champlin Petroleum Co., 421 F.2d 236, 240 (10th Cir. 1970).

Affirmed.