**In re Donald Robert LEVITT, Debtor.**

**No. 6:03 BK 06687.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

March 3, 2006.

Donald Robert Levitt, Kissimmee, FL, pro se.

*MEMORANDUM OPINION DENYING DEBTOR'S MOTION FOR DISALLOWANCE OF CLAIM AND MOTION FOR DETERMINATION THAT THIS IS A NON CORE PROCEEDING AND OVERRULING DEBTOR'S OBJECTION TO CLAIM NO. 36 FILED BY KATIE ZENOVICH*

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on January 24, 2006, to consider the Debtor's Mo-

tion for Disallowance of Claim No. 36[1] filed by Katie Zenovich (Doc. No. 154), the Debtor's Objection to the Purported Secured Status of Ms. Zenovich's Claim (Doc. No. 157), and the Debtor's Motion for Determination that this is a Non–Core Proceeding (Doc. No. 158). The debtor, who is an attorney, also filed a Memorandum in Support of his position as well as an Affidavit (Doc. Nos. 155 and 156). Ms. Zenovich objects to the relief requested by the debtor and has filed pleadings (Doc. Nos. 157 and 172) opposing the debtor's position. After considering the positions of the parties, the debtor's objection to Ms. Zenovich's claim is overruled, and the motions are denied.

Donald Levitt, the debtor, filed this Chapter 7 case on June 10, 2003. The primary dispute in the case revolved around the probate action involving his mother's estate. Eventually, the Chapter 7 trustee, Leigh Meininger, settled the probate litigation. He now holds sufficient monies to pay all pending claims with interest and still pay a portion of the funds to the Chapter 7 debtor.

The debtor, however, has objected to several claims filed by creditors, including Claim Number 36 by Katie Zenovich.[2] The debtor raises two objections to the claim. First, the debtor asserts that the damages of $75,000 awarded against him and in favor of Ms. Zenovich by a California state court are unconstitutional and "shock the conscience." Second, the debtor asserts that the claim is not secured to the extent of approximately $15,000, which sum is being held by a state court registry in California.

Ms. Zenovich received a personal injury judgment against the debtor in a California state case, *Zenovich v. Levitz*, Case No. 01 CE CG 02061. No party has supplied any detailed information on the basis of the underlying personal injury claim. A jury, however, certainly returned a verdict for actual and punitive damages in the amount of $75,000. Of this amount, $25,000 was awarded for actual damages and $50,000 was awarded for punitive damages. The California state court then entered a judgment for the damages awarded by the jury together with interest at 10% per annum plus costs of $2,752.37 (Claimant's Ex. No. 3). The debtor did not appeal the judgment, which is now final.

To secure payment upon the judgment, Ms. Zenovich subsequently filed various pleadings in another lawsuit pending in the California courts in which the debtor, as plaintiff, had filed a wrongful death action arising from his mother's death against Louis Pardini, the alleged wrongdoer. Mr. Pardini settled this lawsuit by paying $15,000 into the registry of the California state court. In order to reach these funds to pay her judgment, Ms. Zenovich filed a notice of lien and proof of money judgment in the Pardini/Levitt litigation (Claimant's Ex. Nos. 4 and 5). The California state court then entered an order finding that the debtor's wife had no interest in the funds and directing that the entire $15,000 settlement payment was to be paid directly to Ms. Zenovich (Claimant's Ex. No. 8). This order was entered on June 9, 2003.

The next day, June 10, 2003, the debtor filed this Chapter 7 case. As such, the registry of the California state court is still holding the Pardini settlement funds of

---

1. Because the debtor seeks to disallow this claim in its entirety, the Court will treat this pleading as an objection to the claim.

2. Ms. Zenovich had timely filed an earlier claim, Claim Number 34. She later filed her Amended Claim 36. Both claims are listed as secured and in the amount of $86,794.37.

$15,000 (the "Registry Funds"). In her claim for $86.794.37, Ms. Zenovich asserts that she has a security interest in the Registry Funds. The balance of the claim is unsecured.

In bankruptcy, a claim or interest is allowed unless a creditor or party in interest objects. 11 U.S.C. § 502(a). Here, the debtor raises two objections—that the amount of the awarded damages are unconstitutional and that the claimant has no security interest in the Registry Funds. In response, Ms. Zenovich contends that: (1) collateral estoppel precludes an attack on the issue of damages because it was already decided in state court; and (2) that she *does* have a valid security interest in the Registry Funds.

■ As to the debtor's first objection, collateral estoppel is a doctrine that prevents a party to a lawsuit from raising a fact or issue which was already decided against him in another lawsuit. *Ferenc v. Dugger,* 867 F.2d 1301,1303 (11th Cir.1989) (citing *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970)). The United States Supreme Court has made clear that the issue to be precluded must be "an issue of ultimate fact" that "has once been determined by a valid and final judgment." 397 U.S. at 443, 90 S.Ct. at 1194, 25 L.Ed.2d at 475.

■ Federal courts must apply the *state* collateral estoppel law if the prior judgment that is to be accorded collateral estoppel effect was entered in state court. *Hackler v. Indianapolis & Southeastern Trailways, Inc.,* 437 F.2d 360 (6th Cir. 1971); *See also Farred v. Hicks,* 915 F.2d 1530, 1533 (11th Cir.1990). In this case, the prior judgment was rendered in California, and thus the law of California's collateral estoppel doctrine should apply.

■ In California, the doctrine of collateral estoppel is effective if: "(1) the issue necessarily decided at the previous trial is identical to the one which is sought to be relitigated; (2) the previous trial resulted in a final judgment on the merits; and, (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior trial." *People v. Taylor,* 12 Cal.3d 686, 117 Cal.Rptr. 70, 527 P.2d 622 (1974); *See also Gikas v. Zolin,* 6 Cal.4th 841, 25 Cal.Rptr.2d 500, 863 P.2d 745 (1993).

■ The facts of this case support Ms. Zenovich's claim of collateral estoppel. As to the first factor, whether the amount of damages sought to be relitigated here was actually decided in the prior litigation, the California state court awarded the amount of $75,000 in damages against the debtor, consistent with the verdict of the jury. The debtor now contends this damage award "shocks the conscience" and is "unconstitutional." However, he has failed to demonstrate why these claims were not, or could not have been, raised back in the state court action. As stated above, a total judgment of $75,000 ($25,000 for actual damages and $50,000 for punitive damages) was entered after a full jury trial and jury verdict. The state court judge then entered a Final Judgment (Claimant Ex. No. 3). The debtor had a full and fair opportunity to oppose the award of the damages before the California state court. Moreover, the debtor could have appealed the judgment, yet did not. Thus, because the debtor had a viable opportunity to address the issue of damages in the state court action and then failed to appeal that court's final judgment, he cannot now second guess the jury's decision with unsupported assertions that this judgment amount is shocking to the conscience or unconstitutional.

Ms. Zenovich also has met the second and third prong of California's collateral estoppel test. The previous trial clearly

resulted in a final judgment on the merits. Moreover, the parties are identical—Mr. Levitt was the defendant. Here, he is the debtor. Ms. Zenovich was the claimant in both cases.

Therefore, the debtor is collaterally estopped from asserting his objection to the amount of Ms. Zenovich's claim. The California state court already decided the identical issue concerning the amount of damages, the debtor failed to appeal the issue, the judgment is final, and both parties were adversaries in the prior litigation. Therefore, based on California law, collateral estoppel applies here. Ms. Zenovich is entitled to allowance of Claim Number 36 in the full amount of $86,794.37, together with any additional interest that has accrued.

Next, the debtor contends that Ms. Zenovich does not hold a perfected security interest in the Registry Funds. Ms. Zenovich asserts that, under California law, her perfected interest in those funds began when she established a judicial lien and gave notice of the lien. The Court agrees with Ms. Zenovich that she hold a perfected interest in the Registry Funds.[3]

 State law determines the nature of, interests in, and perfection of liens or other encumbrances claimed in property of the estate subject to administration in bankruptcy. *In re Grosso*, 111 B.R. 178 (Bankr.N.D.Ill.1990). Furthermore, an allowed claim of a creditor that is secured by a lien on property is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property. 11 U.S.C. § 506(a). Thus, a claim is allowed as a secured claim to the extent that state law determines the claim to be perfected. In this case, California law

again will determine if, and to what extent, the claim was secured.

 To obtain a perfected lien under California law, a judgment creditor with a money judgment against a judgment debtor who is a party to a pending action must file a notice of lien and an abstract or certified copy of the judgment creditor's money judgment in the pending action. Cal. C.C.P. § 708.410(b). As discussed earlier, the state court ruled that Ms. Zenovich was entitled to the receipt of the Registry Funds the day before the debtor filed this Chapter 7 case. However, Ms. Zenovich had long prior filed, on April 15 and 16, 2002, the necessary copies of her judgment and notice of lien with the state court (Claimant Ex. No. 4 and 5). With these timely filings, Ms. Zenovich fulfilled the steps required under Cal. C.C.P. § 708.410(b) and had perfected her lien in the Registry Funds as early as April 2002. The debtor's arguments challenging the validity of this security interest are specious. The persons administering the registry of the California state court are authorized to release these funds directly to Ms. Zenovich, consistent with the order previously entered by the California state court judge (Claimant Ex. No. 8). The bankruptcy estate has no further interest in these monies.

 Lastly, the debtor contends that this Court does not have jurisdiction to allow or disallow Ms. Zenovich's claim because it is not a core proceeding. Whether a matter is "core" or "non-core" determines whether or not a bankruptcy court may enter a final order in a contested matter. *In re Lemco Gypsum, Inc.*, 910 F.2d 784, 787 (11th Cir.1990). Core pro-

---

**3.** Having held that Ms. Zenovich is entitled to payment in full of her claim and because the Chapter 7 Trustee is holding ample funds to pay all claims and still return a dividend to

the debtor, the issue of whether Ms. Zenovich receives $15,000 from the California court or from the Chapter 7 trustee is largely irrelevant. She will be paid in full in either event.

ceedings encompass many different types of actions, some of which are listed in Title 28 U.S.C Section 157(b). Primary among this list is the allowance or disallowance of claims against the estate, which is well within this court's constitutional powers. 28 U.S.C. § 157(b)(2)(B). *See Wood v. Wood*, 825 F.2d 90, 97 (5th Cir.1987) ("[A] claim filed against the estate is a core proceeding because it could arise only in the context of bankruptcy"). It is near black letter law that a bankruptcy court has the authority to enter a final judgment on the allowance or disallowance of a claim filed in a bankruptcy case. Indeed, that is the primary purpose of the bankruptcy court—to adjudicate claims filed.

Ms. Zenovich filed her claim with this Court in order to receive her portion of the debtor's estate. Because payment of this claim must be determined in order to administer this bankruptcy estate, it is clearly a core proceeding. Thus, this court has proper jurisdiction over Ms. Zenovich's claim and the debtor's objection to the claim.

For the reasons stated above, Ms. Zenovich's claim is allowed in the full amount of $86,794.37, together with any interest which may have accrued during this Chapter 7 case. The claim is secured in the amount of $15,000, attributable to the Registry Funds. Finding that this is a core proceeding the resolution of which is necessary to the administration of the case, debtor's objection is overruled. A separate order consistent with this motion shall be entered.